UNITED STATES of America

v.

Gregory BESS.

Crim. No. 88–0019M–01.

United States District Court,
District of Columbia.

Feb. 4, 1988.

Thomas Motley, Asst. U.S. Atty., Washington, D.C., for defendant.

G. Allen Dale, Washington, D.C., for plaintiff.

MEMORANDUM

AUBREY E. ROBINSON, Jr., Chief Judge.

This matter is before the Court on Defendant's Motion for Review of Detention Order. United States Magistrate Patrick J. Attridge ordered that the Defendant be detained pending trial following a hearing on January 14, 1988. Magistrate Attridge concluded, based upon evidence submitted at the hearing, that there was probable cause to believe that Gregory Bess ("Defendant") had committed the offense with which he was charged, bank robbery while armed with a gun, 18 U.S.C. § 2113(a), (d), and that no condition or combination of conditions listed in 18 U.S.C. § 3142(c) would reasonably assure the appearance of the Defendant and the safety of the community should Defendant be released pretrial.

This Court held a hearing on January 25, 1988, at which it was established that Defendant was arrested on January 13, 1988 on charges of armed bank robbery. Defendant's counsel conceded that the evidence against the Defendant is strong. This evidence includes surveillance camera photos taken during the robbery and confessions to the bank robbery by both Defendant and his codefendant, Anthony Desnoes.

Rather than contest the evidence against him, Defendant argued that the government had failed to sustain its burden that no condition or combination of conditions of release would reasonably assure Defendant's appearance or the safety of the community. To support his contention, Defendant proffered the following: Defendant did not attempt to flee when arrested and did not resist arrest; Defendant has no prior record; Defendant has two years of college and was a "semi-minister" licensed to perform religious services, which he did perform during the years 1981–1985; and Defendant had strong community and family ties, having lived in the District of Columbia for all of his life and with a resident girlfriend and supportive family who also live in Washington, D.C.

Although the Magistrate based his detention order on risk of flight and danger to the community, this Court, for the reasons stated below, rests its detention order on the unreasonable risk of danger to the community that Defendant would pose if released pretrial. Thus the issue is whether the Government sustained its burden of establishing by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. *See United States v. Simpkins,* 826 F.2d 94 (D.C.Cir.1987). For the reasons set forth below, the Court concludes that the Government has sustained its burden.

■ As an initial matter, the Court must determine whether the statutory presumption of 18 U.S.C. § 3142(e) is implicated. This section provides, in relevant part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the *judicial officer* finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, section 1 of the Act of September 15, 1980, or an offense under section 924(c) of title 18 of the United States Code.

18 U.S.C. § 3142(e) (emphasis added) (citations omitted).

Here the relevant offense is 18 U.S.C. § 924(c), which makes using or carrying a firearm during, and in relation to, a federal crime of violence calling for enhanced penalties if committed by use of a deadly or dangerous weapon a separate offense apart from the underlying crime of violence. 18 U.S.C. § 924(c). The Court found at the hearing that there was probable cause to believe that the Defendant committed an offense under 18 U.S.C. § 924(c), and ruled that this was sufficient to trigger the statutory presumption, even though Defendant

had not been formally charged with violating 18 U.S.C. § 924(c).[1]

Without question the primary purpose of the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, was to enable, if not require, a defendant's potential danger to the community while out on release pretrial to be taken into account when bail decisions were considered. Under the statute the Court is required to deny bail and order the defendant detained pretrial if the government sustains its burden of establishing that the defendant poses an unreasonable risk of danger to the community and that no condition or combination of conditions of release would reasonably assure the safety of the community. Because the defendant's substantial liberty interests are at stake, however, Congress imposed strict procedural safeguards to guide the inquiry of whether a defendant should be detained pretrial. *See United States v. Salerno,* — U.S. ——, 107 S.Ct. 2095, 2098–2103, 95 L.Ed.2d 697 (1987) (discussing procedural safeguards). Thus the issue is whether judicial invocation of the statutory presumption *sua sponte* is consistent with the procedural safeguards outlined in the statute. The purpose of the Bail Reform Act, the plain terms of § 3142(e), the procedural framework for effectuating the Act's purpose, and the operation of the presumption convince this Court that judicial invocation of the statutory presumption is proper.

With due deference to the Court of Appeals for the Second Circuit, this Court does not read the "plain language of the statute" as indicating that the presumption "was intended to arise only after a defendant has been charged with the particular offense by a valid complaint or indictment." *United States v. Chimurenga,* 760 F.2d 400, 405 (2nd Cir.1985). The "plain language" of § 3142(e) states that the presumption applies upon a finding by *"the judicial officer"* that there is probable cause to believe that the person committed an offense under 18 U.S.C. § 924(c). Section 3142(a), upon which the Second Circuit

relied, speaks of a person charged with *an* offense, a necessary first step to determining whether a particular person is properly before the court, and if so whether he should be released or detained pending further proceedings. It is undisputed that Defendant was charged with an offense.

■ The next procedural prerequisite is a motion for pretrial detention, which can only be made under certain circumstances. The Defendant here was charged with a crime of violence, one of the limited circumstances entitling the government to move for pretrial detention. 18 U.S.C. § 3142(f). Once the government makes a proper motion for pretrial detention, a hearing is mandated to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community. This hearing must proceed in accordance with strict procedural safeguards outlined in § 3142(f). There is no dispute that the government had a proper basis for its pretrial detention motion and that it was timely made. Likewise, with the exception of whether the government carried its burden by clear and convincing evidence, there is no dispute regarding compliance with the procedural safeguards outlined in § 3142(f) and that the hearing proceeded in a timely fashion.

■ At the hearing, with or without the presumption, the government bears the burden of establishing that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required or the safety of the community. And in the case where detention is ordered on the basis of the defendant's dangerousness, the facts which support the finding that no combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). The presumption, although it

---

1. *But see United States v. Chimurenga,* 760 F.2d 400, 405 (2nd Cir.1985) (holding that the presumption "arise[s] only after a defendant has been charged with the particular offense [*i.e.,* 18 U.S.C. § 924(c) ] by a valid complaint or indictment," and not with the judicial officer's finding of probable cause absent a formal charge.)

unquestionably aids the government in carrying its burden, is not determinative. It is the Court's independent application of the factors listed in § 3142(g), in light of all the evidence of defendant's dangerousness, that determines whether pretrial detention is appropriate.

■ Evidence of a defendant's dangerousness is in no way limited to evidence of the elements of the crime with which he is charged. For example, evidence that a defendant charged with violating the Controlled Substances Act maintained an array of illegal firearms in connection with his drug practice certainly bolsters a finding that he presents a danger to the community, even though this evidence does not establish any element of the crime charged. Indeed, evidence of a defendant's dangerousness can be virtually unrelated to the charged offense, as in the case where there is evidence that the defendant has threatened potential witnesses or jurors, or perhaps more telling, where the evidence of defendant's dangerousness relates to prior offenses.

Similarly, § 3142(e) contains a rebuttable presumption other than the one considered here, application of which will not be revealed by the complaint or indictment. This presumption applies when the judicial officer finds that a defendant charged with a crime listed in § 3142(f)(1) previously was convicted for a similar crime while on release pending trial and less than five years has elapsed since the conviction or his release from imprisonment for that prior offense. 18 U.S.C. § 3142(e).[2]

There is nothing in the statute to suggest that the two presumptions listed in § 3142(e)—the one just noted and the one under consideration in this case—are to be treated differently in terms of under what circumstances they may arise. Both arise when, and only when, the judicial officer determines that the necessary predicate for invoking the presumption has been established. Nor does the statute suggest that the presumptions arise pursuant to different procedural prerequisites. If specific notice by way of the complaint that one of the presumptions may be implicated (the one based on defendant's past criminality) is not a procedural requirement for invoking that presumption, then there is nothing in the statute to suggest that specific notice by way of the complaint is a procedural prerequisite for invoking the other presumption (the one under consideration here). In both cases the procedural prerequisite for invoking the presumption is not specific notice by way of the complaint, but rather a proper motion by the government followed by a judicial finding that the necessary factual predicate for invoking the presumption has been established.

■ When the government moves for pretrial detention upon the grounds of dangerousness, its task is not to prove that the presumption applies; its task is to prove that the defendant poses such an unreasonable risk of danger to the community that no conditions of release will reasonably as-

2. The relevant text of 18 U.S.C. § 3142(e) states:
In a case described in subsection (f)(1) of this section [cases involving a crime of violence; an offense for which the maximum sentence is life imprisonment or death; an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or section 1 of the Act of September 15, 1980; or any felony committed after the person had been convicted of two or more prior offenses described in subparagraphs (A) through (C), or two or more State of local offenses described in subparagraphs (A) through (C), if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses], a rebuttable presumption arises that no condition or combination of conditions will reasonably as-

sure the safety of any other person and the community if such judicial officer finds that—
(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and
(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.
18 U.S.C. § 3142(e).

sure the safety of the community. Proving that the presumption applies is not essential to its task; nor does proving that the presumption applies accomplish its task. The presumption is merely a means to the end, not unlike any other evidence of defendant's dangerousness the government presents at the detention hearing. Upon notice of the government's motion, the defendant is well-advised, notwithstanding that the government bears the burden of persuasion, to gather evidence tending to negate the only two grounds that can support the government's motion—dangerousness and risk of flight.

 The presumption is entitled to substantive weight. *United States v. Alatishe,* 768 F.2d 364, 371 (D.C.Cir.1985); *United States v. Jessup,* 757 F.2d 378, 389 (1st Cir.1985). It represents Congress's general factual view about the special flight risks and the special risks of danger to the community presented by defendants who commit the crimes to which it attaches. *Jessup,* 757 F.2d at 389. As such it is incorporated into the § 3142(g) factors considered by the court when determining whether conditions of release can be fashioned or whether the defendant must be detained pretrial. Simply put, it is evidence that the defendant poses an unreasonable risk of danger (or risk of flight); it must be weighed with and against all the evidence on defendant's dangerousness. To put it another way, the presumption requires the court to draw an inference of dangerousness when probable cause is established that defendant committed a predicate offense, an inference whose strength depends on all the evidence before the Court.

 For these reasons, the Court holds that, assuming that the procedural requirements of 18 U.S.C. § 3142(f) are satisfied, the facts found by the judicial officer at the detention hearing determine whether the statutory presumption is implicated; if the complaint entitles the government to move for pretrial detention, and the government so moves, the complaint need not allege a violation of one of the particular predicate offenses for the presumption to come into play. If the facts establish probable cause that the defendant has violated 18 U.S.C. § 924(c), the judicial officer should give proper weight to Congress's general factual view that the defendant poses an unreasonable risk of danger to the community when applying the § 3142(g) factors. This approach fully effectuates the congressional directive—that courts should consider evidence of defendant's dangerousness when deciding whether to release a defendant on bail or detain him pretrial—and is consistent with the procedural framework imposed by the statute.[3]

---

**3.** The possibility that defense counsel will be unprepared to rebut the presumption because the complaint did not reveal that it would be implicated, a fact which the Second Circuit, in *United States v. Chimurenga,* 760 F.2d 400 (2d Cir.1985), placed great emphasis, *id.* at 405, is not a proper ground for precluding the judicial officer from considering the evidentiary value of the presumption. First, the Court is convinced that the facts supporting the probable cause determination will be known to defense counsel in advance of the hearing in an overwhelming majority of cases. Thus he will be on notice that the judicial officer may find that there is probable cause to believe that the defendant violated § 924(c) and invoke the presumption, and he can prepare for the hearing accordingly. Second, the government's motion for pretrial detention puts the defendant's dangerousness in issue. Thus there is little reason to distinguish between the evidentiary value of the presumption and any other evidence of dangerousness proffered by the government not revealed by the complaint. At many detention hearings the government will proffer evidence of dangerousness not revealed by the complaint, *see supra* p. 933, evidence which if unrebutted will carry the government's burden of persuasion. But there is no suggestion in the statute, or even in *Chimurenga,* that the procedural framework of the statute does not accommodate receiving into evidence evidence of dangerousness not revealed by the complaint. Third, the possibility that the other presumption contained in § 3142(e) may be invoked at the hearing is no more apparent to defense counsel by looking at the complaint than is the possibility that this presumption will be invoked without the aid of a formal complaint charging violation of a predicate offense. Fourth, the probative value of the presumption is not dependent on the filing of a complaint. The presumption identifies and classifies as presumably dangerous classes of defendants by the nature of their acts, not by reference to the particular complaint. A person who is found to have probably violated 18 U.S. C. § 924(c) but who has been charged only with the underlying crime of violence is as danger-

■ Turning to the factors in the order listed in § 3142(g), the Court is convinced that no combination of conditions of release will reasonably assure the safety of the community.

The first factor, the nature and circumstances of the offense charged, weighs heavily in the government's favor. Defendant was charged with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), a crime of violence. The circumstances of the offense reveal that there is probable cause to believe that Defendant violated 18 U.S.C. § 924(c), which requires the Court to incorporate Congress's general factual view about defendants who violate this statute. Indeed, the circumstances of this offense make it particularly appropriate to do so, as the clear and convincing evidence establishes that Defendant used an Uzi-made machine gun in connection with the bank robbery, and § 924(c) calls for more severe penalties in cases involving machine guns than cases involving ordinary firearms, supporting an inference that defendants who use machine guns are particularly dangerous. *See* 18 U.S.C. § 942(c).

The second factor, the weight of the evidence against the person, also heavily favors the government. The evidence against the Defendant, both on the crime charged and the probable violation of § 924(c), is more than clear and convincing, it is overwhelming. The confessions and surveillance photographs stand unimpeached, and clearly and convincingly establish that Defendant committed armed bank robbery with a machine gun.

The fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the

Defendant's release, also heavily favors the government. The nature and seriousness of the danger posed by a person willing to use a machine gun to rob a bank is of the highest order.

The third factor, the history and characteristics of the Defendant, weighs in favor of the Defendant. Defendant's evidence is entitled to some probative value on the issue of danger to the community. Under different circumstances, *i.e.*, if the government had not registered so strongly on factors one and two (the nature and circumstances of the offense charged and the weight of the evidence), it may have been sufficient to preclude this Court from finding that the government had carried its burden of establishing Defendant's dangerousness and that no condition or combination of conditions of release would reasonably assure the safety of the community; it does not do so here. The probative value of Defendant's evidence on the issue of Defendant's potential danger to the community is limited, as shown by the fact that this evidence would equally tend to suggest that Defendant would never have committed the crime with which he is now charged. The history and characteristics of Defendant—his family and community ties, his educational and employment record, and his lack of prior convictions as an adult—did not deter him from committing armed robbery in the first instance; its probative value for negating the government's case on Defendant's dangerousness is overwhelmed by the strength of the government's showing in all other areas.

In sum, the Defendant was charged with an offense and therefore was properly before the Court, 18 U.S.C. § 3142(a); the charged offense was a crime of violence,

ous as a person who is charged with both the underlying crime of violence and 18 U.S.C. § 924(c).

Similarly, the fact that the court invoked the presumption without the government's request to do so is without legal significance. The statute requires the court to evaluate the defendant's dangerousness upon proper motion by the government; that is exactly what occurred here. In invoking the presumption, the court simply drew the mandated inference on the basis of the evidence submitted to it by the government. Moreover, the presumption is an inference Congress requires the court to draw; it is not an

argument that Congress requires the prosecutor to make. There is no basis in the statute for allowing the Court to ignore Congress's findings as to the dangerousness of defendants who violate 18 U.S.C. § 924(c) simply because the prosecutor did not argue that the presumption applies.

Finally, since this Court's review is *de novo,* the Court is free to rest its detention order on evidence and a rationale different than what the Magistrate relied upon. *See, e.g., United States v. Fortna,* 769 F.2d 243 (5th Cir.1985).

entitling the government to move for pretrial detention, 18 U.S.C. § 3142(f); the government timely moved for pretrial detention, and a detention hearing was held in accordance with the strict procedural dictates of 18 U.S.C. § 3142(f); at the hearing, the evidence adduced by the government established that there was probable cause to believe that defendant had committed an offense under 18 U.S.C. § 924(c); when the Court finds during a properly conducted detention hearing that there is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 924(c), as this Court did here, the congressional directive contained in 18 U.S.C. § 3142(e), that the court is to presume that the defendant poses an unreasonable risk of danger to the community (and an unreasonable risk of flight), is implicated; this congressional directive is to be kept in mind when the Court applies the factors listed in 18 U.S.C. § 3142(g), to determine whether there are any conditions of release that would reasonably assure the safety of the community (or the appearance of the defendant as required); after applying the factors in § 3142(g), this Court concludes, based on facts established by clear and convincing evidence, that there are no conditions of release that would reasonably assure the safety of the community.

On the basis of this entire record together with Congress's determination regarding the dangerousness of defendants who violate 18 U.S.C. § 924(c), this Court finds that the evidence is clear and convincing that no conditions of release will reasonably assure the safety of the community. Defendant's Motion shall be denied.