**UNITED STATES of America, Plaintiff,**

v.

**Gary Earl FARGUSON, Defendant.**

**Crim. No. CR3–89–286–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 2, 1989.

Paul Macaluso, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

Irwin Lightstone of Law Offices of Irwin Lightstone, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

This appeal from an order of the magistrate detaining an armed robbery suspect without bond presents the question whether the presumption of 18 U.S.C. § 3142(e) against pretrial release applies when a violation of 18 U.S.C. § 924(c) is not charged in the indictment. The court concludes the § 924(c) violation need not be charged and that the presumption against release arises in this case. Finding from an independent[1] review of the clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or other persons if the defendant is admitted to bail, the court orders the defendant detained pending trial.

### I.

Defendant, Gary Earl Farguson ("Farguson"), is charged in a one count indictment with armed robbery of a savings and loan. On September 13, 1989, Farguson appeared before U.S. Magistrate John B. Tolle, who determined Farguson should be detained without bond pending trial. In accordance with 18 U.S.C. § 3142(e), the magistrate found that no condition or combination of conditions would reasonably assure Farguson's appearance at trial if he were released and that Farguson is a danger to the safety of the community.

Farguson now moves for revocation of the detention order, contending he has no prior history of convictions for bank robbery, has lived in and around Bryan, Texas for 15 years, has been married for 22 years, was a state trooper for 11 years (during which time he received numerous commendations), and no one was physically injured during any of the robberies he allegedly committed.

### II.

#### A.

18 U.S.C. § 3142(e)[2] creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of a defendant as required and the safety of the community when a judicial officer finds, *inter alia,* probable cause to believe the defendant committed an offense under 18 U.S.C. § 924(c).[3] Section 924(c) makes it a crime for a person to use or carry a firearm during and in relation to a crime of vio-

---

**1.** The court has reviewed *de novo* the tape of the detention hearing conducted by the magistrate. The court need not, of course, conduct a second evidentiary hearing in the absence of newly developed evidence not presented at the prior hearing. *United States v. Baker,* 703 F.Supp. 34, 36 (N.D.Tex.1989) (Fish, J.). This court is only required to make an independent determination of the proper pretrial detention or conditions of release. *Id.* (citing *United States v. Fortna,* 769 F.2d 243, 249–50 (5th Cir.1985)). In so doing the review is *de novo.* No deference is given to the magistrate's decision.

**2.** 18 U.S.C. § 3142(e):

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code.

**3.** 18 U.S.C. § 924(c):

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a machinegun, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

lence, including a crime of violence which provides for an enhanced penalty if committed by the use of a deadly or dangerous weapon and for which the defendant may be prosecuted in a court of the United States. A "crime of violence," as used in § 924(c), includes a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The offense of robbery of a savings and loan association meets this definition. *See* 18 U.S.C. § 2113(a) (defining offense as including taking or attempting to take, by force or violence or by intimidation, property, money, or any other thing of value from a savings and loan association). This offense also provides for an enhanced penalty if, during the commission of the offense, the perpetrator puts in jeopardy the life of a person by the use of any dangerous weapon or device. § 2113(d).

The indictment in this case is a finding that there is probable cause to believe the defendant committed the crime alleged. *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir.1987). Accordingly, there is probable cause to believe Farguson committed armed robbery in violation of 18 U.S.C. § 2113(a) and (d). The indictment does not, however, formally charge Farguson with a violation of 18 U.S.C. § 924(c). At least two courts—reaching contrary results—have addressed the question whether the indictment must contain the charge in order for the rebuttable presumption of § 3142(e) to arise.[4]

In *United States v. Chimurenga*, 760 F.2d 400, 404–05 (2d Cir.1985), the Second Circuit concluded the presumption did not take effect. Based upon the "plain language of the statute and the legislative history," the court held that § 3142(e) could not apply except in accordance with § 3142(a)(4). Section 3142(a)(4) provides

that a person *charged* with an offense may be detained under subsection (e). The Second Circuit thus read the language of § 3142(a)(4)—which refers to a person charged with an offense—as limiting the scope of the presumption of § 3142(e). 760 F.2d at 405. The court also thought it important that defense counsel not be required at a detention hearing to rebut a presumption he could not have anticipated because a crime of violence was not charged in the indictment. *Id.*

In *United States v. Bess*, 678 F.Supp. 929, 932 (D.D.C.1988), the district court rejected the reasoning of *Chimurenga*. Chief Judge Robinson held that § 3142(a) does not require the § 924(c) offense to be formally charged. Section 3142(a) simply requires that the person be charged with *an* offense. *Id.*

This court agrees with the construction of §§ 3142(a) and 3142(e) followed in *Bess*. Section 3142(e) says nothing of a requirement that a § 924(c) offense be charged in the indictment. The section provides that the rebuttable presumption arises "if the judicial officer finds that there is probable cause to believe that the person committed ... an offense under section 924(c) of title 18 of the United States Code." Section 3142(a) only requires that an unspecified offense be charged. *Bess*, 678 F.Supp. at 932.

This court, moreover, does not share the Second Circuit's concern that defense counsel will be deprived the opportunity to rebut the presumption if the § 924(c) offense is not formally charged. Section 3142(f) provides that a detention hearing shall be held immediately upon a detained person's first appearance before a judicial officer. The defendant may seek a continuance of the hearing, however. The continuance may exceed five days where the defendant demonstrates good cause. *Id.* If defense counsel is unable to produce evidence to

---

**4.** In *United States v. Volksen*, 766 F.2d 190 (5th Cir.1985), the defendant relied on *United States v. Chimurenga*, 760 F.2d 400 (2d Cir.1985), to support her argument that she did not have adequate notice that the presumption might apply. The Fifth Circuit rejected her reliance on *Chimurenga* because she was charged with drug crimes that made the presumption applicable. *Id.* at 192. The Fifth Circuit was not required to decide, however, if the presumption against release is applicable where probable cause exists to believe an uncharged crime has been committed.

rebut the presumption, he may move for a continuance. Moreover, § 3142(f) provides that a hearing may be reopened at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue (of risk of flight or dangerousness)." *United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989) (quoting 18 U.S.C. § 3142(f)). If the defendant is unaware, at the time of the hearing, of evidence that bears materially on the presumption issue, he may move to reopen the hearing.

### B.

■ The court next considers whether there is probable cause to believe Farguson committed a violation of § 924(c). The indictment alleges that the defendant:

willfully, unlawfully and with felonious intent, by force, violence and intimidation, did take from the person and presence of Margie Lee Harris approximately $6,500.00 in money belonging to and in the care, custody, control, management and possession of Southwest Savings Association, Corsicana, Texas, the accounts of which were then insured by the Federal Savings and Loan Insurance Corporation and the defendant, in committing the aforesaid act, did assault Margie Lee Harris by the use of a dangerous weapon, that is, a hand gun.

This charge by the grand jury constitutes probable cause that Farguson used a firearm in committing the offense of robbery of a savings and loan. *See Trosper*, 809 F.2d at 1110. The crime alleged is one of violence within the meaning of § 924(c)(3)(B). The rebuttable presumption against release therefore applies.

### C.

■ Once the presumption applies, the burden shifts to the defendant to produce rebutting evidence. *Hare*, 873 F.2d at 798. The burden of persuasion remains with the government. *Id.* The presumption does not disappear from the court's consideration, however, after the defendant comes forward with evidence. It instead remains a factor in the case to be considered by the judicial officer. *Id.* (citing *United States v. Fortna*, 769 F.2d 243, 251–52 (5th Cir. 1985)). Furthermore, the mere production of evidence does not completely rebut the presumption. *Id.* Nevertheless, because the burden of persuasion remains upon the government, the clear and convincing evidence standard must be satisfied once the presumption is rebutted. *See* § 3142(f) ("[t]he facts that the judicial officer uses to support a finding pursuant to subsection (e) ... shall be supported by clear and convincing evidence").

■ The court finds from the credible evidence that Farguson has produced sufficient evidence to rebut the presumption of danger to the community.[5] The evidence Farguson produced was obtained on cross-examination of the government agent. This testimony established that Farguson was a state trooper for 11 years, was not carrying a firearm when arrested and was arrested without incident, and has never been convicted of bank robbery.

■ Although Farguson has adduced evidence sufficient to overcome the presumption, the court finds from clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any persons and the community. Notwithstanding that Farguson has rebutted the presumption of danger to the community, the presumption still carries evidentiary weight. *Hare*, 873 F.2d at 798–99. The government has also shown that, in addition to the Corsicana, Texas robbery for which he stands indicted, Farguson is suspected of robbing a savings and loan in Palestine, Texas. In both robberies the robber wore a wig, false moustache, and surgical gloves. In both instances the robber carried a handgun. The tellers at the Corsicana savings and loan unequivocally identified surveillance photos taken during the Palestine robbery as being pictures of the same man who robbed them. Investigators discovered motel and rental car receipts which show Farguson was in Pales-

---

5. The court assumes without deciding that Far-    guson has rebutted the presumption of flight.

tine at the time of the Palestine robbery. Moreover, on a prior occasion, Farguson was apparently casing a third savings and loan. He was wearing surgical gloves and carrying a sign that said "computer down come back at 4:30." Officers found two pistols in his car.

After considering the factors set forth in § 3142(g), the court finds clear and convincing evidence that the defendant is likely to be a danger to the community or other persons unless detained pending trial.

### III.

It is therefore ordered that the defendant is committed to the custody of the United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant is to be afforded reasonable opportunity for private consultation with his counsel. By order of this court, to be issued in the future, the person in charge of the corrections facility in which defendant is to be confined is to deliver defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

SO ORDERED.