972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth SPEIGHT, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Tyrees C. Whitehead, Defendant-Appellant.
 Nos. 91-5583, 91-5584.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 6, 1992
Decided: August 18, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.
 Robert Patrick Geary, for Appellant, Speight.
 Raymond A. Carpenter, Jr., BOONE, BEALE, CARPENTER & COSBY, for Appellant Whitehead.
 Stephen Wiley Miller, Assistant United States Attorney, for Appellee.
 Richard Cullen, United States Attorney, for Appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before ERVIN, Chief Judge, CHAPMAN, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 ERVIN, Chief Judge:
 
 OPINION
 
 1
 Tyrees C. Whitehead and Kenneth Speight were convicted in the Eastern District of Virginia of various counts relating to the armed robbery of two federally insured banks and a scheme to rob a third bank. Both appeal their convictions because the court gave a copy of the jury instructions to the jury during deliberations. In addition, both challenge their convictions and sentences imposed under 18 U.S.C. § 924(c), which prohibits the use of a firearm during the commission of a violent crime. We affirm the defendants' convictions, but we vacate Whitehead's sentence because the district court erroneously considered his 1975 section 924(c) conviction, which was reversed, as a previous section 924(c) conviction for sentencing purposes.
 
 I.
 
 2
 Both Speight and Whitehead argue that it was reversible error for the district court, in response to the jury's request, to give the jury during deliberation two copies of the jury instructions. Speight and Whitehead contend that the court should have allowed them the right to comment on or object to the request. The defendants first find support for their contention in Federal Rule of Criminal Procedure 30, which requires the court to allow defendants to object to the instructions before they are given. However, since the defendants did not object to the instructions before the court gave them to the jury orally, it is not a violation of Rule 30 for the court later to give these same instructions to the jury in writing.
 
 
 3
 Speight and Whitehead also rely on Federal Rule of Criminal Procedure 43, which requires the defendant's presence at every stage of the trial unless the defendant waives her right to attend. See United States v. Camacho, 955 F.2d 950, 953-54 (4th Cir. 1992). The government concedes that Rule 43 extends to communications with jurors after they have begun deliberating. See United States v. McNair, 433 F.2d 1132, 1136 (D.C. Cir. 1970) (per curiam). The government also apparently concedes that the court's action did indeed violate Rule 43, but correctly notes that any error that is harmless beyond a reasonable doubt does not require reversal. See Camacho, 955 F.2d at 954. The government argues that any error in this case was indeed harmless.
 
 
 4
 Speight and Whitehead specifically challenge three irregularities in the instructions that they contend were prejudicial. First, in the record the second set of instructions contains four fewer pages than the first set. Speight and Whitehead argue that this discrepancy may have misled some jurors, although they do not specify how. Second, the instructions were marked up in pen or pencil. Speight and Whitehead maintain that the markings may have been made by the court and caused the jurors to place undue emphasis on certain aspects of the instructions. Third, the instructions included the government's indictment, which Speight and Whitehead aver may have led the jury uncritically to accept the government's version of the case.
 
 
 5
 We agree with the government that none of these circumstances was prejudicial. First, the discrepancy in the number of pages was due to the fact that the first set contained two copies of two of the instructions-the copy that belonged in the first set and also, inadvertently, the copy that belonged in the second set. The instructions involved were the instruction stating the duty of each juror to deliberate and the instruction stating that the defendant's knowledge that the banking institution was insured by the Federal Deposit Insurance Corporation is not required for conviction. The government maintains that the second set was complete when given, although we have no way of knowing whether that is true or not. Even assuming that the group of jurors who read the second group of instructions did not see the two instructions in question, they had previously heard them presented aloud. This is simply not the type of error for which it is appropriate for us to reverse a conviction and require a new trial. In addition, the government's case against Speight and Whitehead was strong. It included the testimony of three cooperating co-conspirators identifying Speight and Whitehead as participants in the robberies, descriptions of the getaway driver and car for both robberies that match Speight's and his car's descriptions, Whitehead's fingerprints in the getaway car used in the second robbery, an identification of Whitehead made as he exited the bank during the second robbery, evidence of a sudden change in both defendants' financial conditions after the robberies, and surveillance testimony showing Speight and Whitehead "casing" more banks after the second robbery. We are confident that any error concerning the mixed-up pages was harmless.
 
 
 6
 Second, because the markings on the two sets of instructions are located in different places, we find that the only reasonable conclusion is that the members of the jury made the markings, not the court. Therefore, the markings did not confuse the jury and caused no prejudice.
 
 
 7
 Finally, the fact that the instructions contained the government's charges did not prejudice the defendants' cases. One of the instructions clearly stated that "[t]he indictment or formal charge against the defendant is not evidence of guilt." J.A. 51, 87. As the Supreme Court has stated, "Absent ... extraordinary situations ... we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions." Francis v. Franklin, 471 U.S. 307, 325 n.9 (1985). There is no reason to depart from that assumption in this case. The portion of the instruction stating that the indictment is not evidence removes any prejudice from including the charges with the instructions, and distinguishes this case from defendants' cited case, United States v. Baker, 418 F.2d 851, 853 (6th Cir. 1969) (per curiam), cert. denied, 397 U.S. 1015 (1970), in which no such cautionary instruction was given. See United States v. Hartness, 845 F.2d 158, 162 (8th Cir.) (no violation of due process to hand jury indictment during deliberations when jury properly admonished not to consider indictment as evidence), cert. denied, 488 U.S. 925 (1988).
 
 
 8
 We therefore conclude that any Rule 43 error in giving the jury copies of the instructions during deliberation without allowing Speight or Whitehead to comment or object was harmless.
 
 II.
 
 9
 Both Speight and Whitehead challenge their sentences imposed pursuant to 18 U.S.C. § 924(c)(1), which states:
 
 
 10
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years....
 
 A.
 
 11
 Speight was sentenced to five years' incarceration for a first section 924(c) firearms offense and an additional twenty years for a second section 924(c) offense, all sentences to be served consecutively. He argues pro se that he was improperly convicted of violating 18 U.S.C. § 924(c) because his actions do not meet the statutory definition.[1] As an initial matter, armed bank robbery constitutes a crime of violence. See 18 U.S.C. § 924(c)(3); United States v. Farguson, 721 F. Supp. 128, 130 (N.D. Tex. 1989). Speight was the getaway driver and there were no allegations that he actually carried or used a gun himself. However, he was also convicted of conspiracy to commit armed bank robbery, 18 U.S.C. § 371, and under the Pinkerton doctrine, as to which the jury was charged, he is responsible for the foreseeable actions committed in furtherance of the conspiracy by his coconspirators. See Pinkerton v. United States, 328 U.S. 640 (1946). Speight is therefore legally responsible for his partners' use of guns during the bank robberies, and thus Speight's actions do in fact meet the statutory definition of a section 924(c) violation.
 
 
 12
 Speight also seems to argue that because he had not previously been convicted of any violent crimes, his sentence could not have been enhanced under section 924(c). However, he was given the fiveyear mandatory sentence for the first section 924(c) conviction in this case because of the first robbery; that he had not previously been convicted of a violent crime is irrelevant. Speight's twenty-year enhanced sentence under section 924(c) was properly given for the second robbery. Under the law of this circuit, a defendant may be sentenced under the enhanced penalty provisions of section 924(c) even when the second conviction is for an offense charged in the same indictment as the first offense. See United States v. Raynor, 939 F.2d 191, 193-94 (4th Cir. 1991).
 
 B.
 
 13
 The jury also convicted Whitehead of two violations of section 924(c), but the court sentenced him to twenty years' imprisonment for each conviction to run consecutively. The court gave Whitehead a twenty-year enhanced sentence for the first robbery because it determined that Whitehead had previously been convicted under section 924(c); it gave Whitehead his second enhanced sentence because the second robbery constituted another subsequent section 924(c) offense. Whitehead challenges the court's reliance on a cryptic section in the presentence report to show that he had a previous section 924(c) conviction. This report stated that Whitehead was convicted in the Eastern District of Virginia in 1975 for robbing a bank. For this action he was convicted of bank robbery; conspiracy to commit bank robbery; "Use of a Firearm," for which no sentence was imposed; and "Unlawful Carrying of a Firearm," for which the five-year sentence imposed was rendered null and void on appeal. J.A. 27. The report never specifically mentioned section 924(c) or fully described the status of the latter two apparent convictions.
 
 
 14
 The lack of clarity in Whitehead's situation gave us concern, so we obtained further information on Whitehead's previous convictions. We found that Whitehead was indeed convicted under section 924(c) in 1975. See United States v. Grant, 549 F.2d 942, 948 (4th Cir. 1977) (affirming Whitehead's conviction under section 924(c)). However, the Supreme Court subsequently vacated Whitehead's section 924(c) judgment in Whitehead v. United States, 435 U.S. 912 (1978), in light of its holding in Simpson v. United States, 435 U.S. 6 (1978). In Simpson, the Court held that Congress had not intended to authorize, in the case of a bank robbery committed with a fire arm, the already enhanced penalty prescribed in 18 U.S.C. § 2113(d)[2] as well as the additional consecutive penalty prescribed under what was then section 924(c).[3] Id. at 16. As the Court later interpreted Simpson, "prosecution and enhanced sentencing under § 924(c) is simply not permissible where the predicate felony statute contains its own enhancement provision." Busic v. United States, 446 U.S. 398, 404 (1980). Because the Supreme Court required this court to reverse Whitehead's original section 924(c) conviction, his first section 924(c) conviction in this case was not a subsequent section 924(c) conviction and the district court below erred as a matter of law in determining that it was.[4] Whitehead should have received five years' imprisonment for his first section 924(c) conviction in this case and twenty years' imprisonment only for the second conviction. We therefore vacate Whitehead's sentence and remand his case for resentencing consistent with this opinion.
 
 
 15
 Whitehead has also submitted a supplemental pro se brief to this court in which he presents ten additional assignments of error. We have thoroughly examined the record in this case and his arguments and conclude that they are without merit.
 
 III.
 
 16
 Accordingly, we affirm both Speight's and Whitehead's convictions in full, but we vacate Whitehead's sentence and remand his case to the district court for resentencing.
 
 
 17
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 Although both Speight and Whitehead were represented by counsel at trial and before this court, we also granted each of their motions to submit a pro se brief
 
 
 [2]
 18 U.S.C. § 2113(a) provides for a penalty for bank robbery of a fine of not more than $5,000 and/or imprisonment of not more than twenty years. Section 2113(d) states:
 Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
 
 
 [3]
 At the time, section 924(c) stated:
 (c) Whoever-
 (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or
 (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years .... [N]otwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.
 
 
 [4]
 Congress later amended section 924(c) in the Comprehensive Crime Control Act of 1984. Pub. L. No. 98-473, § 1005(a), 98 Stat. 1976, 2138-39 (codified as further amended at 18 U.S.C. § 924(c) (West Supp. 1992)). Congress adopted one of the amendments specifically to overrule the Supreme Court's statutory interpretation rulings in Simpson and Busic. See S. Rep. No. 225, 98th Cong., 1st Sess. 312-14 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3490-92. Thus, at present, there is no statutory or constitutional bar against prosecuting individuals for using a firearm during a bank robbery under both section 2113(d) and section 924(c). See United States v. Shavers, 820 F.2d 1375, 1377-78 (4th Cir. 1987). Of course, Congress' subsequent action does not resuscitate Whitehead's vacated 1975 section 924(c) conviction, although it does permit Whitehead's two section 924(c) convictions in this case to stand even though he was also convicted under section 2113(d)