# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2129

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the District |
| Frederick R. Schumacher | * | of Minnesota |
| | **\*** | |
| Appellant. | * | |

_____

Submitted: December 15, 2000
Filed: February 9, 2001

_____

Before McMILLIAN and MURPHY, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOGUE, District Judge.

Frederick Schumacher appeals from his conviction in the District Court[2] for mail fraud, wire fraud, conspiracy to commit money laundering, and interstate transfer of stolen funds. Schumacher challenges the sufficiency of the evidence against him,

_____

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

argues that the trial court erred in admitting evidence of his prior dealings with co-defendant, John Anderson, and raises allegations of prosecutorial misconduct as the result of statements made during closing arguments. For the following reasons, we affirm.

In 1995, Schumacher, an attorney, Anderson, Craig Velasco, and Sam Podany began a venture to begin a company which would issue credit cards endorsed by celebrities. No celebrity endorsers were ever found and no credit cards were ever issued. Schumacher and Anderson did manage to find investors for the venture, the largest of which was Thomas Jensen. In three separate transactions, Jensen invested his entire inheritance, over $100,000. Jensen received a signed guarantee from Anderson and Schumacher stating that none of the money was to be withdrawn unless and until the company was fully funded. If the company was not fully funded, all of Jensen's money was to be returned with fifty percent interest. Jensen was not aware that Anderson was personally bankrupt at the time of his investing. Schumacher withdrew and spent over $67,000 of Jensen's money for his personal debts and for Anderson's personal use.

Jensen became increasingly worried about the progress of the venture and requested updates from Schumacher. Several letters of assurance were sent by Schumacher to Jensen stating his money was safe and the venture was proceeding. Jensen's suspicions finally led him to approach the authorities about the venture's actions and then it was discovered the company was essentially broke. Velasco plead guilty to mail and wire fraud in October 1998. Anderson plead guilty soon thereafter and testified against Schumacher at his trial. Schumacher raises three grounds for reversal of his conviction; insufficient evidence, admission of prejudicial evidence and prosecutorial misconduct.

# I.

Schumacher's insufficiency claim is based upon the argument that he had a right to spend the investors' funds as they were earned which defeats the criminal intent requirements of the charges. When reviewing a jury verdict for sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and accept all reasonable inferences supporting the conviction. United States v. Gaines, 969 F.2d 692, 696 (8th Cir. 1992); United States v. Holt, 969 F.2d 685, 687 (8th Cir. 1992). Intent to defraud may be inferred from all the facts and circumstances surrounding the defendant's actions. United States v. Wrehe, 628 F.2d 1079, 1082 (8th Cir. 1980).

In this action, there was ample evidence that Schumacher knew of his agreement with Jensen, knowingly violated that agreement, knew Anderson was bankrupt, knew the operation was going to fail, misrepresented the status of the operation, and spent and dispersed Jensen's funds without his consent or knowledge. Schumacher made essentially the identical argument at trial and it was rejected by the jury. Given the above referenced facts, this Court cannot disturb the verdict on insufficiency grounds.

# II.

Schumacher's other claim of error is that evidence of his prior fraudulent dealings with Anderson were admitted into evidence. "Rule 403 allows the district court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *See* United States v. Guerrero-Cortez, 110 F.3d 647, 652 (8th Cir. 1997). We give deference to a district court's decision under the Rule 403 balancing test and reverse only if there was a clear abuse of discretion. *Id.*" United States v. Davis, 154 F.3d 772, 780 (8th Cir. 1998), cert. denied, 525 U.S. 1169 (1999).

3

The admission of Schumcher's other fraudulent dealings with Anderson were relevant and probative of the intent required to prove fraud. We can find no error with the district court's determination that the prejudicial effect was outweighed by the probative value of the evidence. Schumacher's role in the prior schemes was nearly identical to the acts at issue in this trial, therefore, there was a high degree of relevance. The mere fact that the evidence was unfavorable, is by no means so unfairly prejudicial as to "be misleading and not aid and assist the jury in making a material determination in the case." United States v. Flanagan, 34 F.3d 949, 953 (10th Cir. 1994). The district court did not abuse its discretion in not excluding the prior bad acts of Schumacher.

**III.**

Finally, Schumacher made an allegation of prosecutorial misconduct resulting from statements made during the government's closing arguments. Schumacher failed to object at trial to any of the comments he now raises as error. Since Schumacher failed to timely object, this issue must be reviewed under the plain error standard. United States v. Schmidt, 922 F.2d 1365, 1369 (8th Cir. 1991). "Under this standard, we can only grant relief if the error 'would result in a miscarriage of justice if left uncorrected.'" *Id.* (quoting United States v. Carey, 898 F.2d 642, 644 (8th Cir. 1990) ).

Prosecutors are entitled to argue reasonable inferences to be drawn from the facts in evidence during closing arguments. In this action, the prosecutor merely explained to the jury the reason Count 41 was dismissed and then referred to Schumacher as a "bag man." After carefully reviewing the entire record, we hold that the comments by the prosecutor did not result in a "miscarriage of justice" nor constitute plain error. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.