# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2472

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Richard Vance Cunningham, | * | District of Minnesota. |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 6, 2004

Filed: February 26, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Richard Cunningham appeals the district court's[1] entry of judgment against him, after a jury convicted him on multiple counts of passing fictitious sight drafts drawn on the United States Treasury, in violation of 18 U.S.C. § 514(a)(2), and filing false Internal Revenue Service (IRS) Form 8300s with the IRS, in violation of 26 U.S.C. § 7206(1). On appeal, Cunningham argues there was insufficient evidence

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

that he issued his sight drafts under the authority of the United States, that he acted with intent to defraud in issuing the fictitious sight drafts, or that he knew he was providing the IRS with false information in the IRS Form 8300s.

After reviewing the evidence in the light most favorable to the jury verdict, see United States v. Fitz, 317 F.3d 878, 881 (8th Cir. 2003) (standard of review), we find Cunningham's arguments to be without merit. First, we believe ample evidence supports the jury's conclusion that Cunningham issued the fictitious sight drafts "under the authority" of the United States. The drafts listed the U.S. Treasury as the drawee/bank, and they were signed by Cunningham on a line above the printed words "Authorized Signature." See 18 U.S.C. § 514(a)(2) (whoever, with intent to defraud, passes any false or fictitious instrument purporting to be financial instrument issued under authority of United States shall be guilty of Class B felony); United States v. Getzschman, 81 Fed. Appx. 619, 620-22 (8th Cir. Nov. 28, 2003) (unpublished per curiam) (in case with similar facts, stating that fictitious sight drafts drawn on U.S. Treasury fall within § 514(a)'s meaning of "false or fictitious instrument"); United States v. Anderson, 353 F.3d 490, 500 (6th Cir. 2003) (per curiam) (noting that U.S. Treasury does not maintain accounts against which citizens can draw checks, and that sight drafts drawn on U.S. Treasury may be charged under § 514(a)(2)).

Second, we believe there was sufficient evidence for the jury to infer an intent to defraud by Cunningham. No competent adult could honestly believe he can draw funds at will from the U.S. Treasury. Cunningham persisted with his fictitious-draft scheme after being advised that the drafts were invalid; he declined the requests of his creditors to cash the bogus drafts himself; he attempted to satisfy real obligations with the drafts; and he harassed people who questioned their validity. See Anderson, 353 F.3d at 501 (intent to defraud may be proven by circumstantial evidence from which jury could infer defendant sent worthless sight drafts drawn on U.S. Treasury with intention that they be accepted for value); cf. United States v. Schumacher, 238 F.3d 978, 980 (8th Cir. 2001) (intent to defraud may be inferred from facts and

circumstances surrounding defendant's actions). Finally, we believe there was ample evidence to support the jury's inference that Cunningham knowingly provided the IRS with false information.  <u>See</u> 26 U.S.C. § 7206(1) (any person who willfully subscribes, under penalty of perjury, any return or other document that he does not believe to be true as to every material matter, shall be guilty of felony); <u>Anderson</u>, 353 F.3d at 497-99 (defendants were properly convicted under § 7206(1) where they had harassed persons by using IRS Form 8300s to report nonexistent transactions).

       Accordingly, we affirm.

_____