# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1438

_____

United States of America

*Plaintiff - Appellee*

v.

Freya D. Pearson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 13, 2019
Filed: May 6, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Freya D. Pearson appeals her conviction of nine counts of wire fraud, money laundering, tax evasion, and false statements to a federal agency. She argues that the evidence was insufficient as to all charges; the indictment and jury instructions were

erroneous; and, the district court[1] erred in refusing to sever the false statements charges, and in admitting certain statements by IRS agent witnesses. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The evidence at trial showed: In 2008, Marva Wilson won the lottery. She met Pearson in January 2010. In April, Pearson set up a checking account in the name of a tax-exempt nonprofit organization. Between April and June, Wilson transferred $480,000 to Pearson's nonprofit bank account. Pearson also opened a savings account in the name of the nonprofit organization, and transferred significant funds from the checking account into that account. The nonprofit organization had been minimally functioning before receiving funds from Wilson. Pearson put the funds to personal use. Despite a purported loan agreement, the money from Wilson was not a loan, but taxable income. Wilson was not aware of how the funds were being used. Pearson did not pay taxes on the funds (which amounted to $122,186), was aware of the duty to pay federal income taxes, and misrepresented the nature and scope of the money transfers to law enforcement and in bankruptcy proceedings.

On de novo review, this court affirms the conviction for tax evasion, because the government proved a tax deficiency, willfulness, and affirmative acts constituting evasion. *See United States v. Olsen*, 760 F.3d 825, 827 (8th Cir. 2014) (sufficiency of evidence to sustain conviction is reviewed de novo; this court views the evidence in the light most favorable to the government, resolves conflicts in the government's favor, and accepts all reasonable inferences that support the verdict); *United States v. Renner*, 648 F.3d 680, 688 (8th Cir. 2011) (elements of tax evasion under 26 U.S.C. § 7201); *United States v. Pomponio*, 429 U.S. 10, 12 (1976) ("willfully" in the context of tax crimes means a "voluntary, intentional violation of a known legal duty"); *United States v. Barker*, 556 F.3d 682, 688 (8th Cir. 2009) (finding a

---

[1] The Honorable Beth Phillips, Chief Judge, United States District Court for the Western Distsrict of Missouri.

reasonable jury could conclude that a defendant's attempts to place his assets "beyond the reach of the IRS" demonstrated knowledge of the duty to pay federal income taxes).

This court also affirms Pearson's conviction for wire fraud. The evidence showed that Pearson had an intent to defraud, participated in a scheme to defraud, and wired funds in furtherance of that scheme. *See United States v. Rice*, 699 F.3d 1043, 1047 (8th Cir. 2012) (elements of wire fraud under 18 U.S.C. § 1343); *United States v. Steffen*, 687 F.3d 1104, 1109-17 (8th Cir. 2012) (discussing various schemes to defraud); *United States v. Schumacher*, 238 F.3d 978, 980 (8th Cir. 2001) ("Intent to defraud may be inferred from all the facts and circumstances surrounding the defendant's actions."). This court concludes that the indictment as to wire fraud was sufficient, and that any error in the jury instructions was harmless. *See United States v. Whitlow*, 815 F.3d 430, 433 (8th Cir. 2016) (sufficiency of an indictment is reviewed de novo); *United States v. Inman*, 558 F.3d 742, 749 (8th Cir. 2009) (harmless error analysis applies to instructional error).

Based on the conviction for wire fraud, this court affirms Pearson's conviction for money laundering. *See United States v. Pizano*, 421 F.3d 707, 722 (8th Cir. 2005) (conviction under 18 U.S.C. § 1957 requires that government prove defendant knowingly engaged in a monetary transaction, defendant knew the property involved derived from specified unlawful activity, and property was of a value greater than $10,000); *United States v. Huber*, 404 F.3d 1047, 1057 (8th Cir. 2005) ("specified unlawful activity" includes wire fraud); *cf. United States v. Johnson*, 450 F.3d 366, 375 (8th Cir. 2006) (evidence supporting conviction for conspiracy to commit wire fraud also supported conviction for money laundering).

This court also affirms Pearson's conviction for false statements. Pearson received Section 8 federal housing benefits by misrepresenting to the Department of Housing and Urban Development (HUD) that she lived in Kansas City, Missouri,

when she actually lived in St. Louis, Missouri, that she had only $60 in her bank accounts, and that she had no other income. *See Rice*, 449 F.3d at 892 (false statements under 18 U.S.C. § 1001 require that government prove that defendant made a statement; the statement was false, fictitious or fraudulent as the defendant knew; defendant made the statement knowingly and willfully; the statement was within the jurisdiction of a federal agency; and the statement was material). Pearson contends that her representations were "literally true," as she had been directed in the housing subsidy forms to identify only assets belonging to her. However, funds from the nonprofit-linked accounts were essentially converted to personal use, and should have been disclosed. *See United States v. Hartness*, 845 F.2d 158, 160-61 (8th Cir. 1988) ("putting false information into the equation necessarily leads to a false projection;" based on the facts in existence on the date of defendant's response, statement at issue was false and known by the defendant to be false).

The district court did not abuse its discretion in declining to give Pearson's related theory-of-defense instruction. *See United States v. Meads*, 479 F.3d 598, 601 (8th Cir. 2007) (standard of review). There is also no error in the district court's decision not to sever this count from the others. *See United States v. Reichel*, 911 F.3d 910, 914 (8th Cir. 2018) (refusal to sever counts are reviewed for abuse of discretion).

Upon careful review of the record, this court finds no reversible error in the district court's admission of testimony from IRS agents about the nature and characterization of the money Pearson received from Wilson. *See United States v. Robinson*, 781 F.3d 453, 466 (8th Cir. 2015) (error in admitting testimony may be harmless if it is cumulative of other evidence and does not have more than a "slight influence" on the verdict); *United States v. Agboola*, 417 F.3d 860, 865 (8th Cir. 2005) (objected-to evidentiary decision is reviewed for abuse of discretion).

This court declines to consider Pearson's ineffective-assistance and prosecutorial-misconduct claims on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in 28 U.S.C. § 2255 proceedings, where record can be properly developed); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir.1993) ("Generally, an appellate court cannot consider evidence that was not contained in the record below.")

The judgment is affirmed. The motion for new appellate counsel is denied.

KELLY, Circuit Judge, concurring in part and dissenting in part.

Pearson's convictions for wire fraud should be reversed because the evidence adduced at trial did not establish each element of that crime beyond a reasonable doubt. To prove wire fraud under 18 U.S.C. § 1343, the government must show three elements: "(1) intent to defraud, (2) participation in a scheme to defraud, and (3) the use of a wire in furtherance of the fraudulent scheme." Rice, 699 F.3d at 1047. A "scheme to defraud" does not require affirmative misrepresentations, but nondisclosure of a material fact generally cannot give rise to an action for fraud unless the defendant had an independent duty to disclose the information. See Steffen, 687 F.3d at 1113–16. Pearson's indictment and the jury instructions stated that the scheme was fraudulent because Pearson failed to disclose material facts to Wilson, namely, that Pearson intended to use the wired funds for personal purposes. The government presented no evidence that Pearson had a fiduciary or statutory duty to disclose information to Wilson. Accordingly, under Steffen, there was insufficient evidence to support these convictions.

The evidence presented would also not allow the jury to find a scheme to defraud based on affirmative misrepresentations because Wilson never testified that Pearson made a false statement to her. Rather, Wilson testified she simply had no

memory of why she transferred funds to Pearson.  See <u>United States v. Louper-Morris</u>, 672 F.3d 539, 555–56 (8th Cir. 2012) (holding that misrepresentations must be capable of influencing the intended victim; communications must be designed to deceive person of ordinary prudence and comprehension).  The government's reliance on <u>United States v. Van Doren</u>, 800 F.3d 998 (8th Cir. 2015), is misplaced because there is no evidence that the transfers were intended to conceal funds from a third party.

Since there is insufficient evidence in the record to prove beyond a reasonable doubt that the wire transfers were induced through fraud, I would reverse Pearson's wire fraud convictions and the derivative money laundering convictions.  I otherwise concur in the court's opinion.

_____