**UNITED STATES of America, Appellee,**

v.

**Hakeem Freeland Segon Funisho NOIBI, Appellant.**

**No. 85–1450.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1985.

Decided Jan. 7, 1986.

Elreta C. Dickinson of Chicago, Ill., for appellant.

Christopher Hagen, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and GUNN,* District Judge.

ARNOLD, Circuit Judge.

Hakeem Noibi appeals his conviction by a jury on a charge of possession of heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Mr. Noibi contends that the evidence was insufficient to prove either his possession of the controlled substance or his knowledge of what the substance was. We disagree and accordingly affirm the judgment entered by the District Court.[1]

## FACTS

The defendant is a Nigerian national who has been studying in the United States. During the summer of 1984 he visited in Nigeria, returning to the United States late in September of that year. On 1 November 1984, Customs officials intercepted a parcel coming into the United States from Nigeria. It was addressed to the defendant's home address and apartment number, but to a name different from his. Upon opening the parcel, the Customs officers discovered that it contained a hollowed-out book with an opaque bag of heroin inside. They resealed the parcel and directed it to Iowa, where a postal inspector re-examined it and confirmed that it indeed contained heroin. The Post Office left a notice at the defendant's home box on 13 November to call for a parcel. That afternoon, Mrs. Noibi arrived home first but did nothing about the notice. When Hakeem arrived two hours later, both of them drove immediately to the Post Office, leaving their young child asleep alone in the apartment. Mrs. Noibi went inside the Post Office to collect the parcel. She identified herself as the person to whom the parcel was addressed. She then returned home with the defendant.

---

* The Hon. George F. Gunn, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Hon. Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

Shortly, government agents arrived with a search warrant. They found in plain view the book and outer wrapper. The bag of heroin had been removed from the hollowed-out book. Upon searching the apartment, they found the bag of heroin, unopened, in a drawer of a dresser in the bedroom shared by both the defendant and his wife. The defendant's fingerprints were on the bag, which had now been placed in an additional plastic wrapper. Further search of the apartment disclosed drug paraphernalia (scales, dilutants, and drug-using accessories) and other drugs. Both the defendant and his wife were arrested and charged under 21 U.S.C. § 841. Charges against Mrs. Noibi were ultimately dismissed when her trial resulted in a hung jury, but the defendant was convicted in a separate jury trial on 12 February 1985. He was sentenced to a term of four years.

## ANALYSIS

In order to convict Mr. Noibi, the government had to prove beyond reasonable doubt (1) knowledge; (2) possession; and (3) intent to distribute the controlled substance. 21 U.S.C. § 841(a).[2] The defendant does not dispute that intent to distribute can be proven constructively; it can be inferred from the nature of the substance, its amount, and surrounding circumstances. However, he contends that he has not been proven ever to have possessed the heroin and also that the government has not proven his knowledge of the substance.

Since this case comes to us as an appeal of a jury verdict, we must view the evidence which was before the jury in the light most favorable to the government and must give the government the benefit of all reasonable inferences which may be logically drawn from the evidence, overturning the jury's verdict only if the evidence so viewed is such that a reasonable-minded jury *must* have entertained a reasonable

doubt as to the government's proof of one of the essential elements of the offense. *United States v. Netz*, 758 F.2d 1308, 1310 (8th Cir.1985) (per curiam).

■ Bearing in mind the heavy burden borne by a defendant seeking to overturn a jury verdict, we turn to a review of the evidence upon which Mr. Noibi was convicted. The heroin was found in its original package with Mr. Noibi's fingerprints on the inner wrapper moments after it was picked up at the Post Office. This package had been placed in a dresser-drawer in the bedroom used by the Noibi adults. These facts are sufficient to show that the drugs were within the control of the defendant when they were found. Possession of drugs can be joint, as in this case, when the defendant has the power to control the place where they are found, and he knew they were there. *United States v. Caspers*, 736 F.2d 1246, 1249 (8th Cir.1984). Clearly, a man has power jointly to control a room which he shares only with his wife, and can be said to constructively possess anything which he knows is there. Here, his possession is more than constructive, since his fingerprints were on the package when it was found only thirty minutes after it came into the joint possession of the defendant and his wife.

■ The "knowingly" element of this offense refers to a general criminal intent, i.e., awareness that the substance possessed was a controlled substance of some kind. See *United States v. Pope*, 561 F.2d 663, 670 (6th Cir.1977). Since the factfinder can seldom know with certainty what someone actually knows, knowledge must necessarily be shown circumstantially. *United States v. Richards*, 638 F.2d 765, 769 (5th Cir.), *cert. denied* 454 U.S. 1097 102 S.Ct. 669, 70 L.Ed.2d 638 (1981); *United States v. Cady*, 567 F.2d 771, 774 (8th Cir.1977), *cert. denied* 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978). When Mr. Noibi sought to cast doubt on his

---

**2.** Section 841(a) reads as follows:
   Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ...

knowledge of the contents of the package, the government brought in evidence tending to show that he was knowledgeable of dealings with illegal drugs. The evidence showed: first, a quantity of another drug (marijuana) was found in the same drawer with the heroin; second, a triple-beam scale was found in the kitchen of the apartment. Competent testimony established that this scale was of a type frequently used in drug transactions for weighing small amounts of drugs. Third, a container of lactose was found in the bathroom of the apartment. Testimony established that lactose is commonly used as a neutral "cutting" substance, or dilutant, in the resale of heroin. Finally, search of the apartment also disclosed what the prosecution called "drug-using kits" (razor blades, hard-surfaced mirrors, vials, and sniffing devices). While the presence of a razor blade, a mirror, a vial, or a straw, by itself proves nothing, the aggregation of these items together points to their use in ingesting drugs. Likewise, possession of an accurate scale is a perfectly innocuous act, as is possession of lactose, since each can be used for completely legal and non-drug-related purposes. However, each of these circumstances (the scale, the lactose, the drug-using paraphernalia) when considered with the presence of other drugs and with the immediate concealment of the heroin, adds an increment of proof that the defendant knew what was in the parcel.

The jury was entitled to infer Noibi's guilty knowledge from the circumstances surrounding the discovery of the heroin in his possession. Noibi suggests that these same circumstances are susceptible of a conclusion that Mrs. Noibi was the guilty party and that he was an innocent bystander. While this hypothesis may be plausible, it does not raise a doubt so persistent as to cloud the presumed validity of a jury verdict. It is not necessary for the evidence before the jury to rule out every reasonable hypothesis of innocence. It is enough that the entire body of evidence be sufficient to convince the factfinder beyond reasonable doubt of the defendant's guilt. *United States v. Swayne,* 700 F.2d 467, 472 (8th Cir.1983). We hold that the circumstantial evidence of Noibi's knowledge was sufficient to support the verdict of guilt and accordingly affirm.