UNITED STATES of America, Appellee,

v.

Johnny BARKER, Appellant.

No. 86–1462.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 28, 1986.
Decided Dec. 4, 1986.

William C. McArthur, Little Rock, Ark., for appellant.

Robert J. Govar, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Johnny Lee Barker appeals his convictions in the district court[1] for (1) conspiring to import approximately 239.7 grams of cocaine into the United States in violation of 21 U.S.C. § 963;[2] (2) importing a controlled substance (cocaine) into the United States in violation of 21 U.S.C. § 952(a);[3] and (3) causing the use of mail facilities to facilitate the importation of cocaine in violation of 21 U.S.C. § 843(b).[4] On appeal, Barker's sole argument is that the evidence presented to the jury was insufficient to sustain his conviction. Specifically, Barker argues, *inter alia*, that the prosecution failed to prove that (1) he knew there was cocaine in a package mailed to his post office box in Little Rock, Arkansas from Lima, Peru; (2) the identity of the person who mailed the package from Lima, Peru; (3) any communications between him and any one in Peru connected with the package; and (4) he had financial capability to import seven ounces of pure cocaine. We affirm the judgment of conviction.

In reviewing Barker's challenge to the sufficiency of the evidence, this court must view that evidence in the light most favorable to the government and must sustain the jury's verdict if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80, 62

S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Andrade*, 788 F.2d 521, 525 (8th Cir.1986). Furthermore, the government is entitled to all reasonable inferences that may be drawn from the evidence. *United States v. Casperson*, 773 F.2d 216, 221 (8th Cir.1985). "The evidence need not 'exclude every reasonable hypothesis except that of guilt[; it is enough] that it be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty.'" *Durns v. United States*, 562 F.2d 542, 546 (8th Cir.) (quoting *United States v. Shahane*, 517 F.2d 1173, 1177 (8th Cir.), *cert. denied*, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975)), *cert. denied*, 434 U.S. 959, 98 S.Ct. 490, 54 L.Ed.2d 319 (1977). All factual disputes are resolved in favor of the jury verdict, *United States v. Ellison*, 793 F.2d 942, 949 (8th Cir.1986), and the only relevant question on appeal is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Under these standards, we state the evidence at trial. On March 13, 1985, Barker rented post office box 18245 in his name at the Southwest Post Office in Little Rock, Arkansas. The contract station is owned and operated by Mrs. Monthiray Brakebill. Mail is delivered to patrons solely through their post office boxes. From March 13, 1985, until June 5, 1986, the only piece of mail delivered to Barker's post office box was a manila package containing the cocaine at issue here.

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

2. 21 U.S.C. § 963 provides, in relevant part: "Any person who * * * conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the * * * conspiracy."

3. 21 U.S.C. § 952(a) provides, in pertinent part: "It shall be unlawful * * * to import into the

United States from any place outside thereof, any controlled substance in Schedule I or II * * * * "

4. 21 U.S.C. § 843(b) provides, in relevant part: "It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter * * * * For purposes of this subsection, the term "communication facility" * * * includes mail * * * * "

On June 5, 1985, postal inspectors delivered a package from Lima, Peru, addressed to a "Mr. J. Paaker, P.O. Box 18245, Little Rock, Arkansas, 72219–8245, USA." In addition to the name and address of Mr. Paaker, the package bore the following return instructions: "Remite: J. Davis. A & Jr Puno, 317–B, Lima 1, Perou." Several days earlier, United States customs officials intercepted the package after a dog trained in detection of drugs and narcotics indicated that it might contain drugs. In fact, the envelope held nearly seven ounces of pure cocaine, having an approximate street value of between $20,000 and $25,000. The agents removed all of the cocaine except for a small vial and replaced it with sodium bicarbonate.

When the package ultimately arrived at the Little Rock Post Office, Mrs. Brakebill, pursuant to the postal inspector's instructions, placed a "pink slip" in Barker's box indicating that a package too large to fit in the box was being held for him at the front counter. Barker arrived at the post office at approximately 11:45 a.m. that morning.[5] He was alone. After unlocking his post office box and finding the pink slip, he went over to the customer counter and asked Mrs. Brakebill about the piece of mail referred to on the slip. Pursuant to postal regulations, Mrs. Brakebill told Barker that a package arrived addressed to his box, but that the name listed as the addressee was misspelled. She then showed Barker the package and asked if it was his. He replied, "They can't spell. It's mine." Based on his response, Mrs. Brakebill turned the package over to Barker. He left the post office and proceeded, under surveillance, to the home of his fiance's parents. When he parked his car in the driveway, agents of the Drug Enforcement Administration approached him. The package was next to the driver's seat, unopened. Barker told the agents, when asked, that the package was not his. Despite Barker's denial, he was arrested and subsequently convicted of the charges filed against him.

To prove violations of 21 U.S.C. §§ 952(a) (importing cocaine) and 843(b) (use of mail facilities to import controlled substance), the government must show that Barker knowingly or intentionally received the illegal drugs. The government may prove, through circumstantial evidence, defendant's knowledge of the illegal substance, *United States v. Noibi*, 780 F.2d 1419, 1421 (8th Cir.1986), and participation in the alleged conspiracy, *United States v. Raymond*, 793 F.2d 928, 932 (8th Cir.1986). Viewing the facts in a light most favorable to the government and taking all reasonable inferences therefrom, the jury could rationally have concluded that Barker's actions violated §§ 952(a) and 843(b).

We affirm the judgment of conviction.

---

**5.** His appearance at the Post Office on the 5th of June was not his first. Several days earlier, on the 1st of June, Barker arrived at the post office in a truck with two other men. He came into the post office, opened his box and found a pink slip which Mrs. Brakebill had left for him, indicating that additional rental information was needed. At trial, Mrs. Brakebill testified that Barker removed the slip from his box and "hastily" went out to the truck, squatted down and spoke to the two men waiting in the vehicle. After a brief conversation, he reentered the post office and went up to the customer service counter to speak with Mrs. Brakebill. During the course of their conversation, the driver of the truck came into the post office and said "What's going on here? What's going on in here?" At the same time, the second occupant in the vehicle got out of the backseat and ran down the street. Shortly thereafter, Barker completed his conversation with Mrs. Brakebill, paid her an additional $3.00 in rental fee, and departed in the truck with the other two men.