**UNITED STATES of America, Appellee,**

v.

**Anthony GRAY, Appellant.**

**No. 89–2053.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1989.

Decided March 5, 1990.

Rehearing and Rehearing En Banc Denied April 13, 1990.

---

Raymond C. Conrad, Jr., Kansas City, Mo., for appellant.

Ronda R. Reems, Kansas City, Mo., for appellee.

Before BOWMAN and BEAM Circuit Judges, and HENLEY, Senior Circuit Judge.

BEAM, Circuit Judge.

Anthony Gray was convicted of possession of cocaine base in excess of fifty grams with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (1982), and was sentenced to serve a substantial period of incarceration followed by supervised release. A fine was also imposed. Gray raises two issues on appeal. He contends that the evidence was insufficient to support a jury verdict of guilty and that the trial judge erred in permitting jurors to propound questions to witnesses during the trial. We affirm.

I.

We have carefully reviewed the record made at trial and find that, under the test which we are required to apply, *United States v. Adkins*, 842 F.2d 210, 212 (8th Cir.1988); *United States v. Noibi*, 780 F.2d 1419, 1421–22 (8th Cir.1986), the evidence was clearly sufficient. In view of this finding, we see no reason to detail our analysis since it would be of no value beyond this case.

II.

The more problematic issue relates to the practice of permitting members of the jury panel to suggest questions to be asked of witnesses testifying at the trial. Some trial judges in this circuit have been permitting jurors to ask questions for many years. Only recently has the practice come under fire to the extent that it has generated appeals to this court.

In *United States v. Land*, 877 F.2d 17 (8th Cir.1989), this court noted that the Fourth Circuit has found the practice to be "fraught with dangers which can under-

mine the orderly progress of the trial to verdict." *Id.* at 19 (quoting *DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512, 516 (4th Cir.1985)). Nonetheless, that circuit determined that the practice was within the discretion of the trial court. In a later case, the Fourth Circuit advised that "the district court should require jurors to submit questions in writing, without disclosing the question to other jurors, whereupon the court may pose the question in its original or restated form upon ruling the question or the substance of the question proper." *Land*, 877 F.2d at 19 (quoting *United States v. Polowichak*, 783 F.2d 410, 413 (4th Cir.1986)).

*DeBenedetto* was a civil case. This case, as were *Land* and *Polowichak*, is a criminal case, a distinction emphasized by the appellant.

Here, as in *Land*, the questions were propounded by jurors from the jury box and within the hearing of the other members of the panel. Nonetheless, the *Land* panel, expressing concern about the procedure followed (allowing juror questions to be stated outloud from the jury box prior to a court ruling on their propriety), found the issue to be one of whether or not prejudice results from the practice and not one of whether the practice itself is improper. We agree, both as a matter of policy, and because we are bound, under the rules of this circuit, by the holding of our earlier panel.

A trial is a search for truth, subject to the burdens of proof imposed upon the parties and the requirements prescribed by the Constitution and the law. Trial judges must have substantial latitude in overseeing this search and they should be reversed on matters of trial procedure only when prejudice to one party or the other affects the outcome of the litigation. In this regard, we have examined the record and have specifically reviewed the questions and answers deemed offensive by the defendant. While we might not have conducted the trial in the same manner,[1] we

---

1. We in no way intend to suggest that trial judges of this circuit should permit juror ques-

see nothing sufficiently prejudicial to over-turn the result reached by the jury.

Accordingly, we affirm.

tions. In fact, when conducting a trial, we probably would not follow such a course of action. As indicated by *DeBenedetto*, the prac-tice is fraught with danger which can under-mine the fairness of the proceeding. And, if we were to permit such interrogatories at a trial, we might well find the procedure outlined in *Polowichak* more appropriate.