**UNITED STATES of America, Appellee,**

v.

**Frederick TOWNLEY, Appellant.**

**No. 90–2967EM.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1991.

Decided Aug. 29, 1991.

Richard Fredman, St. Louis, Mo., for appellant.

Michael Reap, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, FRIEDMAN,[*] Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

This is an appeal from a jury conviction in the United States District Court for the Eastern District of Missouri of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II) (1988). We reverse on the ground that the evidence does not support the jury verdict.

* DANIEL M. FRIEDMAN, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

## I.

The facts are not in dispute.

The case grew out of simultaneous raids conducted pursuant to search warrants on two apartments on the same floor of a building in St. Louis, Missouri. In Apartment 308 the officers seized cocaine and arrested co-defendant Blunt, whose apartment it apparently was.

The cocaine was in a closed, but unlocked metal box. The box contained a large brick-shaped bar of 100 percent pure cocaine wrapped in plastic tape, fifteen clear plastic bags of cocaine, and $1,100.00 in cash. On the cocaine brick were the letters P–E–R–N–O, which a narcotics officer identified as the drug markings of a drug organization. The key to the box was not found either in the apartment or on Blunt's person.

Immediately after the raid, six latent fingerprints were taken from the tape that wrapped the brick. Other prints were also seen on the brick, but because they were smudged, they could not be lifted. Five months later, two of the fingerprints were identified as those of the appellant, Frederick Townley (Townley).

In the other apartment raided, Apartment 304, the officers found and arrested Townley's brother. In that apartment, a similar box, a key to it, and cocaine were found.

Townley was arrested approximately six months after the raid. Twelve hundred dollars in cash were found on him. According to his mother, the money was for Christmas shopping and was left over from the $1,500.00 she had given him. Although unemployed, Townley paid by check monthly rent of $270.00 for a one-year period ending four months before his arrest for an apartment he shared with a woman.

The government introduced at trial a photograph of Townley, his brother, Blunt and an unidentified male. The men had their arms around each other and wore gold chains. The circumstances surrounding the obtaining of the photograph were not disclosed to the jury. There was testimony at the trial that Blunt had stated that he knew Townley.

## II.

Viewing the evidence most favorably to the government and drawing all reasonable inferences from the evidence in favor of the government, *see Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Bonadonna,* 775 F.2d 949, 950 (8th Cir.1985), the evidence does not support the conviction.

The indictment charged that "[o]n or about" the date of the raid on the apartments, Blunt and Townley "did knowingly and intentionally possess with specific intent to distribute approximately three (3) pounds of cocaine...." The evidence at trial showed that the three pounds of cocaine involved were the cocaine in the metal box found in Apartment 308.

To establish its case, the government needed to prove either actual or constructive possession, and intent to distribute. *United States v. Knox,* 888 F.2d 585, 588 (8th Cir.1989) (citing *United States v. Brett,* 872 F.2d 1365, 1369–70 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989)). "Constructive possession has been defined as knowledge of presence plus control. A person has constructive possession of contraband if he has 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.'" *United States v. Temple,* 890 F.2d 1043, 1045 (8th Cir.1989) (quoting *United States v. Matra,* 841 F.2d 837, 840 (8th Cir.1988)) (citations omitted).

There was no evidence that Townley ever had been in that apartment (or in the other apartment on the same floor, where his brother was), or that he had transported or been involved in the transportation of the cocaine to Apartment 308. The only evidence indicating any connection, actual or possible, between Townley and the narcotics found in that apartment were Townley's fingerprints on the plastic tape, the photograph and the testimony that Blunt had said he knew Townley.

The photograph and the latter testimony proved only that Townley was a friend or

acquaintance of Blunt. There was no evidence of the circumstances under which or the time when the photograph was taken. The fact that a photograph was taken of Townley, his brother, Blunt, and an unidentified man does not even suggest that Townley and Blunt jointly possessed the narcotics found in Blunt's apartment, or that the two of them were engaged in the drug traffic.

The government relies heavily on the fingerprints. There is no evidence when or where the fingerprints were made. The police fingerprint expert testified that fingerprints "can last for a long time"; "[i]t's possible" "even as long as a year." At most, the fingerprints showed that at some time Townley had handled the tape that wrapped the bar of cocaine. His handling could have involved no more than wrapping the brick in the tape, or placing the letters P–E–R–N–O on the tape. Those events could have occurred some time before the cocaine was discovered in the apartment and could have involved only a brief period.

The fingerprints showed only that Townley had some prior contact with the wrapped brick. They did not show, or justify the inference, that Townley possessed the brick "[o]n or about" the day of its seizure in Apartment 308.

The three cases upon which the government relies to show the alleged importance of the fingerprint evidence involved quite different situations.

In *United States v. Koonce*, 884 F.2d 349 (8th Cir.1989), the defendant was convicted of distributing methamphetamine. A government informer had arranged to make a purchase from the defendant, and a package containing the substance was sent by mail to a designated post office box address. The defendant's fingerprints were found on the outer wrapping of the package. In rejecting the defendant's challenge to the sufficiency of the evidence, the court concluded that "despite the fact that no one actually observed Koonce mailing the package, there was sufficient circumstantial evidence to sustain the conviction," including "Koonce's fingerprint found on the ... methamphetamine package...."

*Id.* at 351. The court also noted that there were "multiple tape recordings referring to prior and pending drug deals" between the informant and the defendant. *Id.* There was no comparable evidence in the present case.

In *United States v. Noibi*, 780 F.2d 1419 (8th Cir.1986), the defendant's wife had picked up at the post office a package containing heroin in a hollowed-out book. Shortly after the defendant and his wife returned home, government agents searched the apartment and found the bag of heroin, which had been removed from the book, in a drawer in a dresser in the bedroom. The bag contained the defendant's fingerprints. In upholding the sufficiency of the evidence to support the conviction of possession of heroin with intent to distribute, the court stated:

> The heroin was found in its original package with Mr. Noibi's fingerprints on the inner wrapper moments after it was picked up at the Post Office. This package had been placed in a dresser-drawer in the bedroom used by the Noibi adults. These facts are sufficient to show that the drugs were within the control of the defendant when they were found.

*Id.* at 1421.

Finally, the government cites *United States v. Stewart*, 770 F.2d 825 (9th Cir. 1985), *cert. denied*, 474 U.S. 1103, 106 S.Ct. 888, 88 L.Ed.2d 922 (1986), in which, in sustaining the sufficiency of the evidence to support a conviction for distribution of and conspiracy to distribute LSD, the court stated:

> On the LSD charges, a reasonable jury could have found guilt based on North's statements, Stewart's meetings with North, Stewart's palm print on the envelope and his apparent attempts to avoid surveillance.

*Id.* at 831–32 (citations omitted).

In these three cases, the fingerprints and palm prints were but one part of the substantial evidence linking the defendant to the crime. Here, in contrast, the fingerprints were the key and only substantial evidence connecting Townley to the cocaine. As we have shown, either alone or

in conjunction with the other evidence, the fingerprints were insufficient to prove that Townley possessed the cocaine found in Apartment 308 on or about the date it was seized there.

Townley was charged only with the substantive offense of possession with intent to distribute, not with conspiracy to do so. If the government had charged and proved a conspiracy by additional evidence, the proof in this case might have been sufficient to show Townley's participation in the conspiracy since, once a conspiracy has been established, lesser proof may suffice to link a particular individual to the scheme. *See United States v. Michaels,* 726 F.2d 1307, 1311 (8th Cir.1984) (" '[O]nce the government has established the existence of a conspiracy, even slight evidence connecting a particular defendant to the conspiracy may be substantial and therefore sufficient proof of the defendant's involvement in the scheme.' ") (quoting *United States v. Overshon,* 494 F.2d 894, 896 (8th Cir.), *cert. denied,* 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974)).

The determination whether possession and intent to distribute a controlled substance has been shown necessarily turns on the facts of the particular case. *See United States v. Pace,* 922 F.2d 451, 452 (8th Cir.1990). There are no general principles governing such determination. We hold that the evidence in this case was insufficient to support Townley's conviction of possession with intent to distribute the cocaine found in Apartment 308 on or about the date on which the cocaine was seized.

## CONCLUSION

The judgment of the district court is reversed.