# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3707

_____

United States of America,             *
                                       *

          Appellee,        *
                                       *   Appeal from the United States

     v.                     *   District Court for the
                                       *   Eastern District of Arkansas.

Tyrone Gamble,               *
                                       *

          Appellant.      *

_____

Submitted:  March 14, 2003

Filed:  May 2, 2003

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Tyrone Gamble entered an unconditional guilty plea to a charge of conspiracy to distribute cocaine and cocaine base on October 12, 1999. Five months later, Gamble moved to withdraw his plea and, after an evidentiary hearing in August of 2000, the District Court[1] denied his motion on October 30, 2000. Gamble was sentenced to seventy months in prison and now, on appeal, urges that the District

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Court erred when it denied his motion to withdraw his guilty plea and erred when it denied his motion to suppress.[2] We affirm.

We review a district court's decision to deny a defendant's motion to withdraw a guilty plea for abuse of discretion. United States v. Has No Horses, 261 F.3d 744, 749 (8th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). Where the district court's decision hinges on the voluntariness of the defendant's plea, mixed issues of law and fact are present and we review the district court's decision de novo. United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998), cert. denied, 525 U.S. 1169 (1999). Rule 32(e) permits a defendant to withdraw a guilty plea for "any fair and just reason." Fed. R. Crim. P. 32(e).[3] Although Rule 32(e) establishes "a liberal standard, it does not create an automatic right to withdraw a plea." United States v. Kelly, 18 F.3d 612, 618 (8th Cir. 1994). In this case, Gamble urges that his plea was involuntary because he was coerced into accepting the plea bargain and that he is actually

---

[2]Because we conclude that the District Court properly denied Gamble's motion to withdraw his unconditional guilty plea, we have no occasion to consider his contention that his motion to suppress was improperly denied. See United States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir.) (noting that an unconditional guilty plea forecloses a defendant's right to challenge anything except the voluntary and intelligent nature of the plea as well as the court's jurisdiction over the matter), cert. denied, 511 U.S. 1094 (1994).

[3]Gamble's guilty plea was entered and accepted several months before he moved to withdraw his plea. Therefore, the 2002 amendments to Rule 32(e), now renumbered as Rule 11(d), which permit a defendant to "withdraw a plea of guilty . . . before the court accepts the plea, for any reason or no reason," do not assist Gamble. See Fed. R. Crim. P. 11(d)(1) (2003). Cf. United States v. Lozano, No. 02-3217, 2003 WL 1913016, at *1 (8th Cir. Apr. 21, 2003) (per curiam, unpublished) (applying new Rule 11(d) to defendant who moved to withdraw his plea before the court accepted it). After the court has accepted the plea, which is the case here, unless the court rejects the plea agreement under Rule 11(c)(5), the defendant still must show "a fair and just reason" to support his request to withdraw his plea. Fed. R. Crim. P. 11(d)(2)(B) (2003).

innocent and, consequently, that the requisite factual basis for his guilty plea is missing. We disagree.

The District Court properly determined that Gamble's allegation that his plea was not voluntarily given was not a "fair and just reason" to allow him to withdraw his plea under Rule 32(e). Gamble's contention that his will was overborne because, under his "wired" plea agreement, the government would only agree to more lenient treatment for his brother if Gamble himself pleaded guilty is not novel.[4] In fact, we previously rejected such a claim in United States v. Vest, 125 F.3d 676 (8th Cir. 1997), cert. denied, 528 U.S. 1029 (1999), where one of two brothers, both of whom were facing the death penalty for drug crimes and several murders, alleged that the government coerced him into accepting a "wired" plea bargain that allowed his brother to receive a life sentence only if he first pleaded guilty and accepted a life sentence as well. We noted in Vest that "wired" plea agreements are not per se invalid and will be upheld "so long as the government acts in good faith based upon probable cause to file charges against or to prosecute the third party named in the [plea] agreement." Id. at 680. Based on the record at hand, we are satisfied that the government had probable cause to prosecute Gamble, we see no inequity in this "wired" plea agreement, and we therefore reaffirm the prosecutor's prerogative "to offer a 'package deal' or no deal at all." Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997) (quoting United States v. Gonzales, 65 F.3d 814, 823 (10th Cir. 1995), vacated on other grounds, 513 U.S. 132 (1997)).

Gamble also contends that he is innocent and that the required factual basis for his guilty plea is absent. See Fed. R. Crim. Proc. 11(f). We have previously held that Rule 11(f)'s requirements are satisfied by the existence of "'sufficient evidence at the

---

[4]The plea agreement is considered "wired" when the government conditions acceptance of one defendant's plea agreement on another defendant's willingness to accept a plea agreement.

time of the plea upon which a court may reasonably determine that the defendant likely committed the offense.'" United States v. Nelson, 109 F.3d 1323, 1325 (8th Cir. 1997) (quoting White v. United States, 858 F.2d 416, 423 (8th Cir. 1988), cert. denied, 489 U.S. 1029 (1989)). Given the stipulated facts before the District Court, we conclude that Rule 11(f) was satisfied.

In this case, both parties agreed that the following facts supported the plea. Gamble and his wife were stopped in Jonesboro, Arkansas, during the early-morning hours of January 17, 1998, by the Arkansas State Police. The Gambles stated that they were on their way home from a dog track located in West Memphis, Arkansas. During the stop, Gamble, who was a suspected drug dealer, consented to a search of the car, which his wife was driving. Two police dogs alerted to the trunk and one of the dogs alerted to a sealed briefcase in the trunk. Although no drugs were found, police did find some $34,000 in cash, two .357 caliber revolvers, plastic ziplock baggies, and an electronic scale. Based on the items so found, the Gambles were taken into custody and questioned at a police station for several hours. After they were released, Gamble went to an associate's apartment and told him to move a vehicle from its present location, in front of Gamble's house, to the house of his brother, Michael Gamble. When the car arrived at Michael Gamble's house, police stopped it because it had expired tags and a search revealed some twenty-two pounds of marijuana. The police then obtained a search warrant for Tyrone Gamble's residence where they found twenty firearms and $6,000 in cash. Although no drugs were found in Gamble's house, the police did find two kilograms of cocaine in a truck (which belonged to a third party) that was parked in Gamble's locked garage. Given these facts, the District Court properly concluded that there was sufficient evidence that Gamble likely committed the drug offense to which he was pleading guilty and thus Rule 11(f)'s requirements were fulfilled.

Had Gamble proceeded to trial, he could have argued, based on his absence from his residence at the time the drugs were seized, that he was unaware of the

illegal narcotics activity that was taking place in and around his home. Still, the strong implication is that these two caches of drugs were part of a drug distribution conspiracy in which Gamble had a major role. Faced with these facts, Gamble understandably chose to limit his exposure to a lengthy prison sentence in return for his guilty plea. In sum, Gamble's plea was knowing and voluntary and was supported by a factual basis, and the mere fact that he later changed his mind is not among the fair and just reasons that Rule 32(e) contemplates for allowing a defendant to withdraw a plea. We have previously held that "[p]ost-plea regrets by a defendant . . . are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea, or for this court to reverse the district court." United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996), cert. denied, 522 U.S. 824 (1997).

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.