# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3685

_____

United States of America

*Plaintiff - Appellee*

v.

James Van Doren

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: June 11, 2015
Filed: September 3, 2015

_____

Before GRUENDER, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

James Van Doren appeals his conviction and sentence as well as the district court's[1] denial of his motion to withdraw his plea; Van Doren also appeals the denial of his motion for reconsideration of this motion to withdraw; the district court's

_____

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

refusal to vacate the money judgment for $22,000; and the district court's order applying Van Doren's $25,000 cash bond toward payment of a fine, special assessment, and satisfaction of the money judgment.[2] For the reasons stated herein, we affirm.

## I.    BACKGROUND

In 2013, a grand jury charged James Van Doren and two codefendants in a multicount indictment containing various counts of bankruptcy fraud, money laundering, wire fraud, and similar charges, all related to financial dealings between the three men charged.  The twenty-seven-count, third superseding indictment specifically named Van Doren in seven counts, and he ultimately pled guilty to one count, count 24, which charged Van Doren with money laundering by engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957.

As relevant to this matter, and in general terms, the third superseding indictment contained allegations of an elaborate scheme by Brandon Barber, Van Doren, and Barber's attorney K. Vaughn Knight to defraud Barber's creditors by concealing income, assets, and funds from them in order to allow Barber to use those funds for his benefit, including for his personal expenses.  The dealings between the men generally stemmed from Barber's extensive real estate development, construction, and sales, and the various businesses created to handle Barber's business ventures.  The resulting bankruptcy fraud, wire fraud, and money laundering allegations, along with the related conspiracy charges, stem from these many dealings

---

[2]Van Doren's notice of appeal includes the latter two orders but he makes no reference to them in his briefing and argument on appeal and thus we do not address them here.  See Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004) (arguments not briefed are considered abandoned on appeal).

with Barber. Noted previously, Van Doren pled guilty to count 24, which specifically alleged:

> On or about the 29th day of October, 2008, in the Western District of Arkansas, Fayetteville Division and elsewhere, the defendants, Brandon Lynn Barber and James Van Doren, aided and abetted by each other and others known and unknown to the grand jury, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $22,000 to be transferred from a Citibank Account in New York in the name of James Van Doren to a First Security Bank account in Fayetteville, Arkansas in the name of the Barber Group, an entity owned by Barber, such proceeds having derived from a specified unlawful activity, that is wire fraud, in violation of 18 U.S.C. § 1343. All in violation of 18 U.S.C. §§ 1957 and 2.

Particular transfers of money between Barber and Van Doren formed the basis for Van Doren's guilty plea and the district court's loss calculations at sentencing. The factual basis for the guilty plea states:

> On or about October 29, 2008, in the Western District of Arkansas, and elsewhere, James Van Doren, aided and abetted by Brandon Barber, engaged in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000. Van Doren had agreed with Barber to conceal certain amounts of Barber's income and transactions from creditors. As part of this scheme and artifice to hide money from and thereby defraud his creditors, on or about September 29, 2008, Barber endorsed a check payable to him in the amount of $64,000 over to Van Doren. Van Doren deposited this check into his Citibank Account in New York. On or about October 29, 2008, Van Doren wired $22,000 of these funds from his Citibank account in New York, to an account at First Security Bank in Fayetteville, Arkansas, in the name of The Barber Group, controlled by Barber. Van Doren agreed and intended to help Barber conceal these funds and defraud Barber's creditors. The records and evidence would

-3-

further show that the specified unlawful activity for this transaction was wire fraud, specifically a wire transaction in furtherance of the scheme to defraud Barber's creditors of $64,000 by concealing these funds to make it appear that some of the funds belonged to Van Doren, when in fact, Van Doren knew and agreed that the funds would be used by Barber for his benefit, including his personal living expenses. The banks involved were FDIC insured and the use of the wires in some way or degree affected interstate commerce.

Van Doren later moved to withdraw his plea, advancing that he was "compelled by conscience to act with honesty and integrity . . . [and therefore could not] honor a commitment to truthfulness and continue to affirm a legal position that is contrary to the truth." He specifically clarified that his claim was not that the district court committed any procedural error under the Federal Rules of Criminal Procedure during its acceptance of his guilty plea, but rather, in his own words, his request to withdraw his plea was "based solely on his factual innocence." The district court denied Van Doren's motion to withdraw his plea as well as his motion for reconsideration of the denial, holding that his claim of innocence was insufficient to overcome his sworn testimony acknowledging his guilt and that there was a sufficient factual basis supporting the charge. The district court sentenced Van Doren to fifteen months' imprisonment followed by a two-year term of supervised release. Van Doren appeals these rulings and the sentence imposed.

## II. DISCUSSION

### A. Plea

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Gamble, 327 F.3d 662, 663 (8th Cir. 2003). Relevant here, under Federal Rule of Criminal Procedure 11(d), a defendant may withdraw a plea of guilty before the court imposes a sentence if "the defendant can show a fair

and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "'While the standard is liberal, the defendant has no automatic right to withdraw a plea.'" United States v. Heid, 651 F.3d 850, 853 (8th Cir. 2011) (quoting United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006)). Rule 11(b)(3) additionally mandates that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A defendant may establish a fair and just reason for withdrawing his guilty plea by demonstrating that his plea is not supported by an adequate factual basis. Heid, 651 F.3d at 855-56.

Van Doren renews his contention that an inadequate factual basis existed for his guilty plea and, thus, that a fair and just reason exists for withdrawing the plea. The crux of Van Doren's claim is that because count 24 does not specify the facts supporting the basis for the underlying wire fraud charge (the "specified unlawful activity" supporting the money laundering charge), we look to count 23 of the indictment, where allegations of conduct underlying a wire fraud charge are explicated, to discern whether the conduct that Van Doren admitted to in his plea constitutes the offense charged in count 24. In that vein, Van Doren argues that, looking to count 23, the *only* specification in the indictment for the manner of commission of the wire fraud was through "a scheme and artifice to defraud Barber's creditors and for obtaining money and property by means of false and fraudulent pretenses, representations and promises."[3] Proceeding with that reasoning, Van

---

[3]In part, and in addition to myriad facts supporting the charge, count 23 specifically alleges that during a specific time period, Van Doren

> did knowingly and intentionally combine, conspire, confederate and agree with . . . other[s] to devise and intend to devise a scheme and artifice to defraud Barber's creditors and for obtaining money and property by means of false and fraudulent pretenses, representations and promises thereby affecting financial institutions and other creditors and in furtherance of that scheme did transmit and cause to be transmitted certain wire communications in interstate commerce. All in violation of

Doren argues that because no other means of committing the offense was charged, and because the government relied upon a concealment theory to prove the wire fraud here, it necessarily "failed to identify a single alleged falsity, fraudulent pretense, misrepresentation or promise" committed by Van Doren and thus fell short of proving the requisite wire fraud supporting the money laundering charge. Van Doren maintains that he was engaging in routine banking transactions and that the entire transaction was completely truthful at all times–that he "misrepresented nothing." Accordingly, Van Doren claims there was no factual basis to support the guilty plea in count 24.

We agree with Van Doren that the determinative issue in this matter is whether the factual basis supporting the plea suffices to establish the offense charged in the indictment as required, but our agreement ends there. See United States v. Cheney, 571 F.3d 764, 769 (8th Cir. 2009) (describing when a guilty plea is supported by a sufficient factual basis). The factual basis of Van Doren's plea suffices to establish the offense charged.[4] Based on the factual basis of the plea, Van Doren committed

---

18 U.S.C. §§ 1349 and 1343.

That specific language of count 23 tracks the language of § 1343 "Fraud by wire, radio, or television," which provides that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises" transmits by wire, any writing, sign, signal, picture or sound for the purpose of executing the fraudulent scheme, shall be fined or imprisoned not more than 20 years, or both. 18 U.S.C. § 1343.

[4]As an aside, even were we to indulge Van Doren's argument that there is no allegation of concealment in count 23, he fails in that pursuit. Count 23 first incorporates paragraphs 29-37 of the indictment, which paragraphs discuss the transactions underlying the wire fraud charge and allege, among other claims of concealment, that the transactions were completed in order to benefit Barber, "thereby concealing the money from creditors and placing it beyond the reach of his creditors."

wire fraud as charged. The plea agreement states that Barber transferred $64,000 to Van Doren pursuant to an agreement between them to conceal the funds from Barber's creditors so that the funds could later be directed back to Barber for his personal use.

> [T]he Supreme Court has placed some outside limits on what constitutes a scheme to defraud under sections 1341, 1343, and 1344, by finding that these statutes must be interpreted with an eye toward the common-law understanding of fraud. . . . "At common law, fraud has not been limited to those situations where there is an affirmative misrepresentation or the violation of some independently-prescribed legal duty . . . . Rather, even in the absence of a fiduciary, statutory, or other independent legal duty to disclose material information, common-law fraud includes acts taken to conceal, create a false impression, mislead, or otherwise deceive in order to prevent the other party from acquiring material information."

United States v. Steffen, 687 F.3d 1104, 1113 (8th Cir. 2012) (third alteration in original), (quoting United States v. Colton, 231 F.3d 890, 898-99 (4th Cir. 2000)). Simply, wire fraud under § 1343 can be established by a fraudulent scheme involving concealment. Pasquantino v. United States, 544 U.S. 349, 356 (2005) ("[F]raud at common law included a scheme to deprive a victim of his entitlement to money. For instance, a debtor who concealed his assets when settling debts with his creditors

---

So even were we to hold that the government could not proceed with its concealment theory unless count 23's recitation included language in addition to the language tracking the statutory definition of wire fraud and the facts already contained therein, the entirety of count 23 encompasses the theory nonetheless and the factual basis thus established the crime.

thereby committed common-law fraud.").[5] Van Doren's plea is thus supported by an adequate factual basis, as there is sufficient evidence upon which this court can reasonably determine that Van Doren likely committed the offense as charged in count 24. Cheney, 571 F.3d at 769 ("A guilty plea is supported by an adequate factual basis when the record contains 'sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense.'" (quoting United States v. Gamble, 327 F.3d 662, 664 (8th Cir. 2003))). The district court did not abuse its discretion in denying Van Doren's motion to withdraw his plea on this basis.[6]

As to Van Doren's alleged actual innocence supporting a fair and just reason for his requested withdrawal, we have thoroughly analyzed Van Doren's arguments on appeal, carefully reviewed the record, and adopt the court's thorough and well-

[5]In the instant analysis, Van Doren's insistence that he had no legal duty to speak and, thus, cannot be criminally liable for participating in these "lawful" transactions misses the mark. The claim of wire fraud in this matter is not premised upon Van Doren's nondisclosure but rather on Van Doren's act of knowingly helping Barber fraudulently conceal money from his creditors, among other similar allegations, and their use of wires to do so. This collective conduct of fraudulent concealment is the basis for the wire fraud charged. "'[T]he common law clearly distinguishes between concealment and nondisclosure. The former is characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter. The latter is characterized by mere silence.'" Steffen, 687 F.3d at 1114 (quoting Colton, 231 F.3d at 898-99). This indictment alleges acts to conceal.

[6]Although we resolve Van Doren's challenge based on his admission to wire fraud, we note that the government need not always prove that a defendant convicted under 18 U.S.C. § 1957 participated in the specified unlawful conduct underlying a money laundering charge. Instead, the government need only show that the defendant knew that the money was criminally derived. 18 U.S.C. § 1957(c); United States v. Hare, 49 F.3d 447, 452 (8th Cir. 1995); United States v. Lombardi, 5 F.3d 578, 570 n.3 (1st Cir. 1993).

reasoned orders on this issue. 8th Cir. R. 47B. We therefore affirm the district court in all respects on Van Doren's motions to withdraw his plea and reconsideration of the same following the district court's initial denial.

### B. Sentencing

Finally, Van Doren claims the district court erroneously calculated the offense-level enhancements and, as a result, improperly increased his Guidelines range. He asserts the loss calculation should have been limited to the value of what he claims to be the laundered funds–which he claims was $22,000 (i.e., the amount Van Doren wired to The Barber Group after depositing $64,000 into his own bank account in New York)–as opposed to the $244,000 amount utilized by the district court in arriving at its sentence calculation. This would have resulted in a four-level increase rather than the twelve-level increase imposed. The $244,000 figure utilized by the district court in its sentence calculation is comprised of three financial transactions: the $64,000 check that is the subject of the factual basis in Van Doren's plea; $30,000 cash delivered to Van Doren by Barber and deposited by Van Doren into a safe deposit box owned by Van Doren; and $150,000 wired by Barber's attorney to a bank account in New York in the name of Epsilon Investments, LLC, an entity allegedly owned by Van Doren.

"We review de novo the 'legal conclusions a district court reaches in order to apply an enhancement for purposes of calculating an advisory guidelines range . . . while the factual findings underpinning the enhancement are reviewed for clear error.'" United States v. Battle, 774 F.3d 504, 516 (8th Cir. 2014) (alteration in original) (quoting United States v. Butler, 594 F.3d 955, 965 (8th Cir. 2010), cert. denied, 135 S. Ct. 1881 (2015)). "'[S]entencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence.'" United States v.

Norwood, 774 F.3d 476, 479 (8th Cir. 2014) (per curiam) (quoting United States v. Scott, 449 F.3d 1040, 1043 (8th Cir. 2006)).

Section 2S1.1(a) of the Guidelines describes how a district court must calculate the base offense level for the crime of money laundering. Section 2S1.1(a)(1) provides that if, as here, the defendant committed the underlying offense, then the offense level for the underlying offense serves as the base offense level for the money laundering crime. U.S.S.G. § 2S1.1(a)(1). As discussed above, the facts in the plea agreement establish that Van Doren aided and abetted Barber in committing the wire fraud offense that served as the basis for the money laundering charge in count 24. Accordingly, the district court appropriately calculated Van Doren's base offense level using the guideline for the wire fraud offense. U.S.S.G. § 2B1.1. The district court concluded that the base offense level for the wire fraud offense was six, and the court added a mandatory one-level increase for a money laundering conviction under 18 U.S.C. § 1957. U.S.S.G. §§ 2B1.1(a)(2) and 2S1.1(b)(2)(A). Applying § 2B1.1(b)(1)(G), the district court additionally increased Van Doren's offense level by twelve after concluding that all three transfers alleged in relation to Van Doren were part of the same scheme to defraud that formed the basis for the wire fraud offense. U.S.S.G. § 2B1.1(b)(1)(G) (proscribing that if a defendant is convicted of an offense involving fraud or deceit and the loss exceeded $200,000, a twelve-level enhancement applies).

The district court committed no error in its sentencing calculations, correctly calculated the losses associated with the wire fraud offense, and we find no clear error in its factual findings underpinning the calculation. Section 1B1.3(a) provides that unless otherwise specified, the specific offense characteristics (i.e., loss calculations) shall be determined on the basis of all acts and omissions committed, aided, and abetted, or willfully caused by the defendant, and in the case of a jointly undertaken criminal activity, "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(A),

(B). Too, conduct comprising a dismissed count may be used as relevant conduct for sentencing purposes. <u>United States v. Andreano</u>, 417 F.3d 967, 970 (8th Cir. 2005). Evidence of the three transactions discussed here, and the district court's use of them in its sentencing calculation, was foremost at issue during the sentencing hearing, and all of these transactions formed the basis of the wire fraud and money laundering charges against Van Doren. The district court did not clearly err in determining that the three financial transactions were part of a single underlying scheme to defraud and thus accurately calculated Van Doren's sentence according to the Guidelines.

## III.    CONCLUSION

For the reasons stated herein, we affirm.

_____