# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1985

_____

United States of America

*Plaintiff - Appellee*

v.

Dario Caballero-Arredondo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: February 29, 2016
Filed: March 8, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Dario Caballero-Arredondo participated in a criminal enterprise that transported large quantities of methamphetamine and cash proceeds between Phoenix, Arizona, and Lincoln, Nebraska. On January 7, 2015, he pled guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one) and conspiring to launder money in violation of 18 U.S.C. § 1956(a)(1)(B)(i)

and (h) (count two).  The district court[1] denied Caballero-Arredondo's request for sentencing relief under 18 U.S.C. § 3553(f) (safety valve relief) and sentenced him to concurrent sentences of 168 months imprisonment for each count.  On appeal, Caballero-Arredondo asserts the district court erred in (1) accepting his plea on count two despite an insufficient factual basis, see Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."), and (2) denying his request for safety valve relief.  We affirm.

First, we conclude the district court did not plainly err in finding a sufficient factual basis for Caballero-Arredondo's guilty plea to conspiring to launder money.  See United States v. Frook, 616 F.3d 773, 775 (8th Cir. 2010) (explaining that when, as here, "the defendant does not object" to an alleged Rule 11(b)(3) error, we review "under the narrow plain error standard").  "A guilty plea is supported by an adequate factual basis when the record contains 'sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense.'"  United States v. Cheney, 571 F.3d 764, 769 (8th Cir. 2009) (quoting United States v. Gamble, 327 F.3d 662, 664 (8th Cir. 2003)).

A conviction for conspiring to launder money in violation of § 1956(a)(1)(B)(i) and (h) as charged in count two required proof Caballero-Arredondo "knew of and intentionally joined a conspiracy to conduct financial transactions involving drug proceeds intending . . . to conceal the nature, location, source, ownership, or control of the proceeds."  United States v. Elder, 682 F.3d 1065, 1071 (8th Cir. 2012).  The record in this case as a whole, and the facts presented at the plea hearing in particular, provided a sufficient basis for the district court reasonably to determine Caballero-Arredondo likely conspired with others to launder the illegal proceeds of their drug conspiracy.  Caballero-Arredondo admitted to his participation in an "elaborate"

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

scheme involving hauling drug proceeds from Lincoln to Phoenix hidden in different vehicles. See United States v. Bowie, 618 F.3d 802, 810 (8th Cir. 2010) (concluding a plea-hearing transcript "revealed the district court had sufficient information to reasonably determine [the defendant] likely committed the offense").

Next, we conclude the district court did not clearly err in finding Caballero-Arredondo failed to demonstrate he "truthfully provided to the Government all information and evidence the defendant ha[d] concerning" his criminal conspiracies as required for sentencing relief under § 3553(f)(5).[2] See United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc) (standard of review and burden of proof). Testimony suggesting Caballero-Arredondo's proffers were inconsistent and uncandid, along with the other evidence adduced at sentencing, supports the district court's findings that (1) Caballero-Arredondo's evidence was not complete or credible, and (2) he "was more heavily involved in the conspiracy than" he admitted. See id. ("Affirmance is required if the record supports the court's findings.").

Accordingly, we affirm.

_____

---

[2]This was the only statutory requirement at issue in this case.