# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2176
_____

United States of America

*Plaintiff - Appellee*

v.

Yousef Qattoum

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: March 18, 2016
Filed: June 23, 2016
_____

Before WOLLMAN, ARNOLD, and SHEPHERD, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Yousef Qattoum pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute controlled substances and analogues of controlled substances, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Qattoum now appeals from the district court's[1] denial of his motion to withdraw his guilty plea. We affirm.

## I.

Qattoum owned a business in Little Rock, Arkansas, where he sold synthetic cannabinoids, which he referred to as K2. In July 2012, law enforcement officers conducted a controlled buy of K2, which was later confirmed to contain a Schedule I controlled substance. On July 25, officers executed a search warrant at the business and recovered K2 that contained controlled substances and controlled-substance analogues, including the analogue XLR-11. Qattoum was arrested and released pending trial in state court.

After his release, Qattoum purchased a different business, where he resumed selling K2. On October 22 and 23, 2012, law enforcement conducted two controlled buys of K2 from Qattoum's new location, which, as later lab analysis confirmed, contained XLR-11. Qattoum sold that business in December 2012 and thereafter used a different storefront to continue selling synthetic cannabinoids. A June 26, 2013, search of that business revealed controlled substances and controlled-substance analogues, including XLR-11.

Qattoum purchased synthetic cannabinoids from suppliers that included iLCM and KC Incense, paying for them with money orders. When Qattoum sold his second location to Aziz Farishta in December 2012, he told Farishta who his suppliers were, how to conduct financial transactions in a manner to avoid detection, how to price the synthetic cannabinoids, and how to hide the drugs.

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

Qattoum was arrested on June 26, 2013, and later charged in a superseding federal indictment with the two conspiracy counts set forth above, as well as with two counts of distribution of a controlled-substance analogue that were based on the October 2012 controlled purchases. Qattoum was released from federal custody on bond. Just before trial, Qattoum obtained a passport and fled to Mexico, where he was apprehended after purchasing a one-way ticket to Jordan.

Shortly after Qattoum was returned to federal custody, he reached a plea agreement with the federal government. Qattoum agreed to plead guilty to the conspiracy charges, with the government agreeing to dismiss the two distribution charges. At the change-of-plea hearing on October 2, 2014, the district court[2] reviewed the elements of the two conspiracy offenses with Qattoum, as well as the purpose, consequences, and terms of the plea agreement. The government recited the facts as set forth above, noting that it would have proved those facts had the case proceeded to trial. Qattoum stated that he understood those facts and that they were true, whereupon the district court accepted the plea.

Based on the drug quantity and the sentencing enhancements that Qattoum and the government had agreed upon, the presentence investigation report (PSR) determined that Qattoum's advisory sentencing range under the U.S. Sentencing Guidelines was 121 to 151 months' imprisonment. While Qattoum awaited sentencing, a jury acquitted Farishta of charges related to Qattoum's. Soon thereafter, Qattoum discharged his attorney, retained new counsel, and moved to withdraw his guilty plea, arguing, *inter alia*, that there was an inadequate factual basis for his guilty plea on the conspiracy-to-distribute count. The district court denied the motion and sentenced Qattoum to 121 months' imprisonment. On appeal, Qattoum challenges the adequacy of the factual basis for his guilty plea on both counts.

---

[2]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

II.

Qattoum first argues that the district court should have granted his motion to withdraw his guilty plea on the conspiracy-to-distribute count. "We review the denial of a motion to withdraw a guilty plea for abuse of discretion." United States v. Van Doren, 800 F.3d 998, 1001 (8th Cir. 2015) (citing United States v. Gamble, 327 F.3d 662, 663 (8th Cir. 2003)). Federal Rule of Criminal Procedure 11(d)(2)(B) provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." "A defendant may establish a fair and just reason for withdrawing his guilty plea by demonstrating that his plea is not supported by an adequate factual basis." Van Doren, 800 F.3d at 1001; see also Fed. R. Crim. P. 11(b)(3). "A guilty plea is supported by an adequate factual basis when the record contains 'sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense.'" United States v. Cheney, 571 F.3d 764, 769 (8th Cir. 2009) (quoting Gamble, 327 F.3d at 664). When determining whether a sufficient factual basis for a guilty plea exists, we may consider the plea agreement, the prosecutor's summary of the facts, the colloquy between the defendant and the district court during the change-of-plea hearing, as well as the facts set forth in the PSR. United States v. Scharber, 772 F.3d 1147, 1150 (8th Cir. 2014); see also United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003) (citing 24 Moore's Federal Practice § 611.08(2)(b) (3d ed. 1998)).

Qattoum argues that no factual basis exists to show that he knew the product he was selling was illegal, that he knew it was a controlled substance, or that he knew the chemical composition of the product (*i.e.*, that he knew the K2 he was selling was XLR-11 or some other controlled substance or controlled-substance analogue). Qattoum was charged with conspiracy to distribute and possess with intent to distribute controlled substances and analogues of controlled substances. 21 U.S.C. § 846. The crime of distribution and possession with intent to distribute, id. § 841,

-4-

in turn, requires proof of knowledge—that is, "that the defendant knew he was dealing with 'a controlled substance.'" McFadden v. United States, 135 S. Ct. 2298, 2302 (2015). To prove knowledge, the government need show only "a general criminal intent, *i.e.*, awareness that the substance possessed was a controlled substance of some kind." United States v. Ramos, 814 F.3d 910, 915 (8th Cir. 2016) (quoting United States v. Noibi, 780 F.2d 1419, 1421 (8th Cir. 1986)). "Since the factfinder can seldom know with certainty what someone actually knows, knowledge must necessarily be shown circumstantially." Id. (quoting Noibi, 780 F.2d at 1421). Qattoum contends that circumstantial evidence is insufficient in the context of a guilty plea, but we have previously upheld guilty pleas based on such evidence. See, e.g., Cheney, 571 F.3d at 769 (concluding that circumstantial evidence that a defendant possessed a firearm "in furtherance of" a drug conspiracy provided a sufficient factual basis to uphold a guilty plea).

The record contains sufficient circumstantial evidence of Qattoum's knowledge. During the change-of-plea hearing, Qattoum admitted to the facts set forth by the government, including that he was arrested in July 2012 for selling synthetic drugs containing the controlled substance XLR-11, and short time later he bought a new store and resumed selling synthetic drugs containing the XLR-11; that he educated Farishta about how to conduct financial transactions related to synthetic cannabinoids "in a manner to avoid detection"; that he used money orders to pay his suppliers rather than business checks or a business credit account; and that he attempted to flee the country to avoid prosecution. Moreover, the PSR states that Qattoum gave away marijuana for free to a confidential source who had purchased a large amount of K2 and that, in an intercepted phone call, one of Qattoum's co-conspirators believed he was being watched by law enforcement and warned Qattoum. Accordingly, we conclude that the district court did not abuse its discretion in denying Qattoum's motion to withdraw his guilty plea.

Qattoum also challenges the factual basis for his guilty plea on the money-laundering-conspiracy count, arguing that there were no facts alleged at the change-of-plea hearing that he had reached an agreement with another person to launder money. Because he did not raise this argument in his motion to withdraw his guilty plea, we review only for plain error. United States v. Frook, 616 F.3d 773, 775, 776 (8th Cir. 2010) (standard of review). A conspiracy requires "an agreement among two or more people to achieve an illegal purpose." United States v. Hudspeth, 525 F.3d 667, 676-77 (8th Cir. 2008). Evidence of a tacit understanding is sufficient to show the existence of an agreement. Id. at 678. The government stated at the change-of-plea hearing that "Federal Express routinely delivered the synthetic cannabinoids from iLCM in New York and other suppliers, and Qattoum used money orders to pay for the substances." That statement was sufficient to show that Qattoum and his suppliers had reached an agreement for Qattoum to buy synthetic cannabinoids from the suppliers using money orders. Given the nature of the product and the fact that Qattoum and his suppliers structured the transactions using money orders, which do not create records of the transactions, the district court could reasonably conclude that there was at least a "tacit understanding" between Qattoum and his suppliers to launder money. See 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i). The district court thus did not commit plain error, if indeed any error at all.

III.

The judgment is affirmed.

_____